May Term,
1840.

LETT
v.
HORNER.

---

## LETT *v.* HORNER.

The meaning of a written contract, containing no latent ambiguity, cannot be explained by parol evidence.

A party cannot complain of the rejection of testimony, unless the record show that he was injured by its rejection.

A verdict should not be set aside for the improper rejection of evidence, if it ought to have been the same had the evidence been admitted.

Irrelevant instructions should not be given to the jury.

The Court may either state to the jury from memory the law applicable to the case, or read it to them from a book in which it is contained.

The Court instructed the jury, that they might consider whether the terms cancelling a contract and rescinding a contract, did not mean the same in common parlance. *Held*, that the instruction was not objectionable.

*Friday,*
*May 29.*

APPEAL from the *Pike* Circuit Court.

BLACKFORD, J.—*Horner* sued *Lett* in assumpsit for money had and received. Pleas, non assumpsit and payment. Verdict for the plaintiff. Motion for a new trial overruled; and judgment on the verdict.

*Horner* contracted with *Lett*, on the 30th of *November*, 1836, for the purchase of a tract of land. The price was 2,710 dollars. *Horner* paid 670 dollars at the time of the contract, and gave his note for the residue, payable twelve months after date. *Lett* gave the purchaser a bond, conditioned for a conveyance when the note should be paid. The condition states that if *Horner* failed to pay the note when due, the bond should be void.

This suit was brought to recover back the 670 dollars, on the ground that the contract was rescinded.

The plaintiff proved that, about the time the note became due, the defendant had admitted to some of the witnesses that the contract between him and *Horner* was *cancelled* and the papers given up, and to another that the contract was *rescinded.*

The defendant offered to prove by a witness that it was understood by the parties, when the contract of purchase was made, that if the note should not be paid, and the contract be put an end to, the 670 dollars were to be forfeited. An objection to this testimony was sustained. The evidence was not admissible. There is no latent ambiguity shown to exist in the title-bond; and its meaning, therefore, could not be explained by parol evidence. It was only by an inspection of the bond, that what the parties understood by it could be ascertained. *Peisch* v. *Dickson*, 1 Mason, 9.

The defendant also offered to prove the declarations of *Horner*, made before the note became due, as to what would be the effect respecting the 670 dollars, if the note should not be paid. This evidence was objected to and excluded. The record does not inform us what the declarations were which the defendant offered to prove. Therefore, supposing the evidence admissible, we cannot know whether its rejection was an injury or not to the defendant. If he was not injured, he has no right to complain; if he was, it lay on him to show it by the record.

The defendant also offered to prove, that, from the time of the purchase to the time when the note became due, the land had fallen in value more than the amount of the first payment. This evidence, if admissible, had so little to do with the cause, that its rejection ought not to affect the verdict. The testimony in the cause is all before us, and we are of opinion that though the rejected evidence be taken into consideration, the verdict is right. A verdict, sustainable by the evidence, including what may have been rejected, should not be set aside because the rejected evidence was admissible. This is the rule in chancery; *Hampson* v. *Hampson*, 3 Ves. & Beames, 41; and the same rule should prevail at law.

The defendant asked the Court to instruct the jury, that if they believed the bond was given up by *Horner* for the note, under the impression that the bond was void, and to save further trouble, they could not find for the plaintiff, unless there was an express promise to pay. This instruction was correctly refused. There was no evidence tending to show that the bond was given up solely in exchange for the note; and the instruction was therefore irrelevant.

VOL. V.— 38

May Term, 1840.

LETT
v.
HORNER.

The Court read to the jury some law applicable to the case, from the opinion of the Court in *Gillet* v. *Maynard*, 5 Johns. Rep. 85. This was objected to by the defendant, but without any good reason. The Court might either state the law, applicable to the case, from memory, or read it from any book in which it was contained.

At the request of the plaintiff, the Court instructed the jury that they might consider whether the terms cancelling a contract, and rescinding a contract, did not mean the same in common parlance. This instruction is unobjectionable.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*J. A. Brackenridge,* for the appellant.

*A. Kinney* and *D. M'Donald,* for the appellee.