*H. W. Chase* and *J. A. Wilstach*, for the appellants.

WERT *v.* THE CRAWFORDSVILLE AND ALAMO TURNPIKE COMPANY.

As to what will constitute sufficient articles of association for the formation of a corporation, the reader is referred to the opinion at length.

In cases where, under the general traverse, a corporation-plaintiff is not bound to prove her incorporation, *nul tiel corporation* is a good defense; but where the corporation is bound to allege, and, if denied, to prove, that the requisite steps, under the statute, have been taken, to constitute a valid corporation, *nul tiel corporation* amounts merely to the general denial, and, the latter being also pleaded, the former may be stricken out on motion.

Where the contract sued on is one made with an existing corporation, the general traverse would be an admission of the existence of the corporation, but where the contract is made with a view to the organization of a corporate body, the defendant will not be liable, unless the corporation proves, at least, a substantial compliance with all the requirements of the law necessary to constitute such a body.

Where, to an action on a subscription to the capital stock of a corporation, made while the corporation was in progress of organization, the subscriber pleads in bar, that he was illiterate; could not read; did not hear the articles of association read; but was induced to subscribe by a party interested in obtaining the subscription,

Wert *v.* The Crawfordsville and Alamo Turnpike Company.

who falsely represented to him, that, in case he subscribed, he would not, according to the conditions of said articles, be required to pay for his stock, until the amount of twenty thousand dollars was subscribed; and that said sum never was subscribed; such facts constitute a good defense to the action.

APPEAL from the *Montgomery* Circuit Court.

DAVISON, J.—The appellees, who were the plaintiffs, sued *Wert*, upon a subscription of stock to their original articles of association. These articles are set out in the complaint, and read thus:

"We, the undersigned, do mutually covenant and agree with each other, that we will construct a gravel turnpike road from the town of *Crawfordsville*, in *Montgomery* county, *Indiana*, to the town of *Alamo*, in said county; that the route of the proposed road shall be located as follows, viz.: Beginning in the center of the *Terre Haute State road*, at the point at which the same intersects the incorporated limits of *Crawfordsville*, and running thence upon the present track of said *Terre Haute State road*, to the point at which said road is intersected by the north line of the land and farm now owned by *Richard F. Wilhite;* thence westward, along a county road, until the same intersects a county road known as '*The Conner's Mill Road;*' thence, on the nearest and best route, to the mills of *Craig & Vance*, on *Sugar creek;* thence, on the nearest and best route, to *Alamo;* that the route of the proposed turnpike is twelve miles in length, and that, in the construction and management of said turnpike road, we will adopt and use the name, style, and description of '*The Crawfordsville and Alamo Turnpike Company;*' and will claim the right to sue and be sued, to plead and be impleaded, by that name and style; that, in such construction and management, we will employ a capital stock of twenty thousand dollars, divided into eight hundred shares of twenty-five dollars each, and we agree that we will

pay to such treasurer as shall be duly appointed by said company, twenty-five dollars for each share of stock hereafter subscribed by us to these articles of association, payable at such times, and in such proportions, as may be required by the directors of said company.

| "Stockholders Names. | Residence. | No. of Shares. |
|---|---|---|
| "DAVID WERT, | Montgomery county, | Eight." |

It is averred that, on the 21st of April, 1860, a copy of said articles of association was duly filed in the recorder's office of said county; that at the time of the filing thereof, the subscriptions to the capital stock of the company amounted to more than five hundred dollars for each mile of the road, viz.: to the amount of thirteen thousand seven hundred dollars; and that afterward, on the 6th of July, 1861, due notice having been given, etc., the company met, etc., and elected the following board of directors, viz.: *Samuel Gilleland, John Blair, Charles Allen, Samuel Galey,* and *Pascal Wilhite;* that the board thus elected, at a regular meeting, held on the 9th of July, 1861, ordered that an installment of ten dollars on each share of the stock of the company be called for, and made payable on the 10th of August, 1861; and that the same board, at a regular meeting, held on the 23d of July, 1861, ordered that a second installment of ten dollars on each share of stock be called for, and made payable on the 26th of August, 1861, and of these assessments due notice was given, etc. It is further averred, that the defendant took and subscribed the aforesaid eight shares of stock, amounting, in the aggregate, to two hundred dollars, as one of the original corporators, for the purpose of organizing the corporation, and executing its design as set forth in the articles of association, and that he, defendant, has failed and refused to pay said installments, or either of them, etc., wherefore, etc.

Defendant demurred to the complaint; but his demurrer was overruled, and he excepted.

Against this ruling it is insisted that the instrument in writing, set forth in the complaint, and relied on as articles of association, is not sufficient to warrant the formation of a corporation. We think otherwise. The statute authorizing the construction of McAdamized, or gravel roads, etc., provides, sec. 1, "That any number of persons may form themselves into a corporation for the purpose of constructing such road, by complying with the following requirements:" "they shall unite in articles of association, setting forth the name they assume; the line of the route; and the place, to and from which, it is proposed to construct the road; the amount of capital stock; and the number of shares into which it is.to be divided; the names and places of residence of the subscribers; and the amount taken by each, shall be subscribed to said articles of association." 1 R. S., p. 394. Upon reference to the instrument sued on, it will, it seems to us, at once be seen, that that instrument possesses all the essential requirements of the statute, and must, therefore, be held sufficient as articles of association.

The defendant's answer contains a general denial, and four special paragraphs. Issues were made on the third and fifth, and to the second and fourth demurrers were sustained. The Court tried the issues, and found for the plaintiffs, and having .refused a new trial, rendered judgment, etc.

The action of the Court, in sustaining the demurrers to the second and fourth paragraphs, is assigned as error. The second paragraph alleges, "There never was any such corporation as the plaintiff;" and the fourth sets up these facts: One Robert Craig, who was a subscriber to said articles of association, and who was the owner of a mill on Sugar creek, and was interested in getting a turnpike to his mill, induced the defendant to subscribe to said articles, by falsely, etc., representing to the defendant that, by the articles, the work on said road should not be commenced or prosecuted, nor would he have any money to pay, until there was subscribed

to the articles twenty thousand dollars; and the defendant avers that, though the work on said road has been commenced, and is progressing, the amount of twenty thousand dollars has not been subscribed; that the defendant could not read, nor did he hear said articles read; but relied entirely upon *Craig's* representations as to the contents thereof; and he represented that the above conditions were in the articles, etc., wherefore, etc. In reference to the second paragraph it may be assumed that, in cases where, under the general traverse, a corporation-plaintiff is not bound to prove her incorporation, *nul tiel corporation* is a good defense. But where, as in the case at bar, the plaintiff is bound to allege, and the general denial being pleaded, must prove that the requisite steps, under the statute, to constitute a valid corporation, have been taken and pursued, the defense in question amounts to the general denial, and might have been stricken out, on motion. It would be otherwise, if this was a suit upon a contract, executed to an existing corporation, because, then, the general traverse would be an admission of the corporate existence of the plaintiff. But here, the contract of subscription was made with a view to the organization of a corporate body, and the defendant is clearly not liable, unless the plaintiff has proved, at least, a substantial compliance with all the requirements of the statute necessary to constitute such body; and this being the case the general traverse put the existence of the corporation directly in issue. The result is, *nul tiel corporation* was not well pleaded. It is true, the proper mode of disposing of that defense would have been by motion to strike it out; but the same purpose having been attained by demurrer, we are not inclined to adjudge the decision erroneous. *Westcott v. Brown,* 13 Ind. 83.

The remaining inquiry is, Whether the fourth paragraph constituted a valid defense? As we have seen, the defendant was illiterate, could not read; nor did he hear the articles

of association read; but was induced to subscribe, by a party interested in obtaining subscriptions, who falsely represented to him, that, in case he subscribed, he would not, according to the conditions of said articles, be required to pay for his stock until the amount of twenty thousand dollars was subscribed. These are, in substance, the averments of the paragraph, and, it seems to us, they are sufficient to bar the action. The representations, thus made, were not mere opinions; but referred to a material fact, as to the contents of the articles of association; and, as they were made by a person interested in creating the corporation, and who was a party to the articles, it can not be said that they were representations upon which the defendant had no right to rely. The demurrer to this paragraph should have been overruled.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*S. C. Willson* and *James Wilson*, for the appellant.

*A. Thomson, B. F. Ristine,* and *John M. Butler,* for the appellee.