# The Indianapolis Furnace and Mining Co. v. Herkimer.

CORPORATION.—*Pleading.*—In an action by a corporation, an answer of general denial does not put in issue the existence of the corporation.

SAME.—*Organization.*—The signing of articles of association by parties proposing to form a manufacturing corporation does not create such corporation; the subscribers must also make, sign, and acknowledge the certificate of incorporation prescribed in section 1 of the act for the incorporation of manufacturing corporations, and must file the same in the recorder's office of the proper county and a duplicate thereof in the office of the secretary of state. Until these steps have been taken, the corporation has no legal existence.

SAME.—*Stock Subscription.*—*Estoppel.*—Until the statutory requirements to organize a corporation have been complied with, a subscriber to the articles of association is not estopped to deny the existence of the corporation.

SAME.—*Evidence.*—When *nul tiel corporation* is properly pleaded, the burden of proving the existence of the corporation is on the plaintiff, and to overcome such plea a compliance must be shown with the statutory requirements for the formation of the corporation.

SAME.—Evidence of the parol admission by the defendant of the existence of the corporation will not supply the lack of proof that the statutory requirements have been complied with.

SAME.—A party cannot complain of the rejection of evidence offered, where the record shows that he has not been injured by its rejection.

SAME.—When evidence is offered tending to prove only one of several facts necessary to a recovery, it is not error to reject it when no offer is made, either in connection with the rejected evidence or otherwise, to prove the other essential facts.

## From the Marion Circuit Court.

*Hendricks, Hord & Hendricks* and *Test, Burns & Wright,* for appellant.

*J. E. McDonald* and *J. M. Butler,* for appellee.

WORDEN, J.—Complaint by the appellant against the appellee on the following paper subscribed by the defendant.

"Articles of association of the Indianapolis Furnace and Mining Company, organized for the purpose of operating in the counties of Marion and Clay, in the State of Indiana.

" Article First. The name of said company shall be the Indianapolis Furnace and Mining Company.

" Article Second. The capital stock of said company

shall be one hundred thousand dollars, and be divided into shares of fifty dollars each, to be paid for in such amounts and at such times as may be ordered by the board of directors.

"Article Third. The stockholders shall elect directors, who shall from their number elect a president, secretary, and treasurer, who shall hold their office for one year and until their successors are elected and qualified.

"Article Fourth. The board of directors shall have the control and management of the business of the company, except as they may appoint some one or more persons to take charge of the same, in which case the record of the action of the board in appointing them shall be evidence of their authority to act for said company.

"Article Fifth. The board of directors shall have power to make assessments on stock, collect the same, issue certificates therefor, and declare and pay dividends, which shall be at least twice a year.

"Article Sixth. All the expense incurred by the company shall be paid, and all the indebtedness of the same shall likewise be discharged before any dividends shall be paid to the stockholders, unless the directors shall direct otherwise.

"Article Seventh. We, the undersigned, hereby subscribe to all the foregoing articles, provisions, conditions, and stipulations, and agree to the organization of a company as therein stated, binding ourselves to take and pay for the number of shares of stock set opposite our names respectively, and pay for the same at such times and in such amounts as the board of directors may order the same to be paid for, without relief from valuation or appraisement laws.

"Subscribers' Names.                        No. of Shares.
"J. D. Herkimer, by D. Root,                    100."

There were three paragraphs in the complaint, each counting upon the same instrument, in each of which it was alleged that at the time of the execution of the instrument

by the defendant, the plaintiff was a duly organized corporation ; but it is not alleged in either paragraph that after the execution of the instrument any steps were taken to perfect the organization.

The defendant demurred to each paragraph, assigning for cause the want of a statement of sufficient facts, but the demurrers were overruled, and the defendant excepted.

The defendant then answered,

1. By general denial.

2. *Nul tiel corporation.*

3. *Nul tiel corporation,* setting out specially the omission of the performance of the acts required by the statute, in order to perfect the corporate organization.

4. A denial of the execution of the instrument, sworn to.

It appears by the entries of the clerk, though not by any bill of exceptions, that the plaintiff moved in writing to strike out the second and third paragraphs of the answer, " for the reason that the first and fourth present the whole question," but that the motion was overruled, and the plaintiff excepted. A reply in denial was then filed to the second and third paragraphs of the answer.

Trial by the court, finding and judgment for the defendant, the plaintiff having unsuccessfully moved for a new trial.

The overruling of the appellant's motion to strike out the second and third paragraphs of the answer is, amongst other things, assigned for error. Conceding that this question is in the record, the motion was properly overruled, because the ground on which it was made is not tenable. The first and fourth paragraphs, being mere denials, did not " present the whole question." The general denial does not put in issue the existence of the corporation. *Cicero Hygiene Draining Company* v. *Craighead,* 28 Ind. 274, and authorities cited. Perhaps the paragraphs were in abatement, and should, therefore, have been sworn to. See *Heaston* v. *The Cincinnati, etc., Railroad Co.,* 16 Ind. 275. But no question

was made in this respect, nor was the validity of the paragraphs in any way brought in question.

We may properly here notice another proposition, which, though not perhaps directly involved, is in some measure connected with the motion for a new trial. We are of opinion that a radical error was committed in overruling the demurrers to the several paragraphs of the complaint. The articles of association signed by the defendant, including his subscription for stock, were very clearly mere preliminary articles, contemplating a future perfection of the organization as a corporation. The defendant's contract did not purport to be with an existing corporation, but with one to be brought into existence in the future. The averment in the complaint that the plaintiff was, at the time the subscription was made, an existing corporation, cannot change the nature and legal effect of the defendant's contract. That contract was, in legal effect, that the defendant would take and pay for the stock subscribed for, in case the organization should be perfected and the corporation brought into legal existence, and not otherwise. Such preliminary subscriptions seem to enure to the benefit of the corporation when formed. *Heaston* v. *The Cincinnati, etc., Railroad Co., supra.*

But unless the subsequent steps, necessary to bring into existence the corporation, were taken, there was no corporation to whose benefit the contract could enure, and the defendant could not be liable; and it should have been averred in the complaint that such steps had been taken. *Wert* v. *The Crawfordsville and Alamo Turnpike Co.,* 19 Ind. 242; *Williams* v. *The Franklin Township Academical Association,* 26 Ind. 310.

In such case, the estoppel growing out of a contract with a party as an existing corporation does not apply. In the case last cited, the court say :

"This rule of estoppel does not apply to a suit brought on a subscription made with a view to the organization of a corporation, and as preliminary thereto, where other acts

are required by the law as a condition precedent to the exercise of corporate powers."

The first and second sections of the act for the incorporation of manufacturing and mining companies (1 G. & H. 425), under which the appellant claims to have been organized, are as follows:

"Section 1. Be it enacted," etc., "that whenever three or more persons may desire to form a company to carry on any kind of manufacturing, mining, mechanical, or chemical business, they shall make, sign, and acknowledge, before some officer capable to take the acknowledgment of deeds, a certificate in writing, which shall state the corporate name adopted by the company, the objects of its formation, the amount of the capital stock, the term of its existence, not, however, to exceed fifty years, the number of directors, and their names, who shall manage the affairs of such company for the first year, and the name of the town and county in which its operations are to be carried on, and file the same in the office of the recorder of such county, which shall be placed upon record, and a duplicate thereof in the office of the secretary of state.

"Sec. 2. When the certificate shall have been filed as aforesaid, the persons who shall have signed and acknowledged the same, and their successors, shall be a body politic and corporate, and by their corporate name may take, hold and convey real estate necessary to carry on the operations named in such certificate."

It will be seen by these provisions, that the corporations contemplated by the act do not come into existence until the certificate provided for shall have been filed in the office of the proper recorder, and a duplicate thereof in the office of the secretary of state.

Now, although the complaint was held good, the pleas of *nul tiel corporation* put in issue the existence of the corporation; and we think, under the issues, the plaintiff was bound to prove such existence by showing a compliance with the statutory requisites. The burthen was on the plain-

tiff, because the defendant was not estopped by his contract to dispute the existence of the corporation, and because the perfection of the organization was a condition precedent to the plaintiff's right to recover.

We now proceed to consider the ground, upon which it is claimed that a new trial should have been granted. There were six reasons assigned for a new trial. The first, second, and sixth involve nothing but the question whether the finding was in accordance with the evidence.

With reference to these, it is only necessary to say that they are without foundation, for the reason, as we shall hereafter see, that the plaintiff failed to prove the legal organization of the corporation.

The other reasons are as follows:

"3d. The court erred in refusing to allow the plaintiff to introduce in evidence the subscription articles and list signed by all the stockholders, including the defendant Herkimer.

"4th. The court erred in refusing plaintiff to introduce in evidence the certificate of association of members constituting their corporation, which was filed and recorded in the recorder's office of Clay county, Indiana, July 10th, 1867.

"5th. The court erred in refusing to hear the testimony of Horace W. Hibbard, to the effect that defendant told him that he had five thousand dollars of the stock of said company, and offered to trade the same to him."

A bill of exceptions shows that the evidence specified in the reasons set out was offered and rejected.

One of the objections made to the introduction of the articles of association containing the defendant's subscription was, that the plaintiff had offered no evidence of the filing of the certificate required by the statute above quoted in the offices of the recorders of Clay and Marion counties, and of the secretary of state. The ground on which the certificate filed in the office of the recorder of Clay county was rejected does not appear.

We have not examined this certificate carefully, in order

to ascertain whether it meets the requirements of the statute, but it shows, like the articles of association, that the operations of the company were to be carried on in the counties of Clay and Marion. There was no evidence given, or offered that the certificate or a duplicate thereof had ever been filed, either in the office of the recorder of Marion county or of the secretary of state.

It would seem that, under the statute quoted, where a company purports to be organized to carry on its operations in several counties, the certificate should be filed in all of them. This, however, need not be determined. The filing of the certificate in the office of the secretary of state is an indispensable prerequisite to the legal existence of the corporation.

The evidence of Hibbard was properly rejected, because such recognition by the defendant of the existence of the corporation could not estop him to controvert the fact; nor could it supply the omission of an act which the law requires to be performed before the corporation can be called into being.

But the two documents offered and rejected were proper links in the chain of the plaintiff's evidence. It does not appear to have been claimed by the plaintiff, however, that she had the right to marshal her evidence, and introduce it in such order as might suit her convenience. There was no offer to prove, either in connection with the rejected evidence or otherwise, the necessary fact that the certificate had been filed in the office of the secretary of state, or that it had been filed in the office of the recorder of Marion county.

Suppose all the evidence offered had been admitted, still the plaintiff would not have been entitled to recover, because of the failure to prove a fact essential to the existence of the corporation. Such being the case, it is difficult to see that the plaintiff was in any way injured by the rejection of the evidence. A party cannot complain of the rejection of testimony, unless the record show that he was injured by its rejection. *Lett* v. *Horner,* 5 Blackf. 296.

We are of opinion, therefore, that the rejection of the evidence was not such an error as entitles the appellant to a reversal of the judgment.

The judgment below is affirmed, with costs.

November term, 1873.

### ON PETITION FOR A REHEARING.

WORDEN, C. J.—The appellant has filed a petition for a rehearing in this case, claiming, as we understand the argument, that as it was shown by averment and proof, that the defendant's contract was made with an existing corporation, it should be treated as such; and therefore it was unnecessary for the plaintiff to show that the proper steps had been taken to perfect the organization of the corporation.

In the original opinion, we set out in full the contract entered into by the defendant. That contract very clearly was not with an existing corporation. It contemplated a future organization of the corporation, to which he was to become liable on his subscription. To treat him as having promised to pay the amount of his subscription to a corporation which then existed, would be to make a new contract for him in place of the one which he made for himself. There may have been a corporation of the same name, and organized for the same purpose, in existence at the time the defendant made his contract; but if so, the contract set out was not made with such existing corporation. That contract was to pay a corporation to be thereafter organized and brought into existence. The ground upon which a party who has contracted with a corporation as such is estopped to deny its existence, is, that by his contract he has recognized the existence of the corporation.

The contract in question, instead of purporting to be made with an existing corporation, utterly excludes the idea of its present existence, but contemplates the future organization of the corporation, to which he was to pay the amount of his subscription.

The legal effect of a written contract cannot be thus changed by averment or parol evidence.

The petition for a rehearing is overruled.