## NELSON *v.* BLAKEY, ASSIGNEE.

PRACTICE.—*Demurrer.*—A ruling upon a demurrer to a complaint in a justice's court can not, in the Supreme Court, be assigned as error.

SAME.—Where, on appeal from a justice of the peace to the circuit court, the plaintiff demurs to an answer, the demurrer reaches back to the complaint.

CORPORATION.—*Pleading.*—In an action on the original articles of association to recover a subscription to a corporation to be formed, the complaint must show that all the requisites of the statute for the organization of the corporation have been complied with.

From the Posey Circuit Court.

*A. P. Hovey* and *G. V. Menzies*, for appellant.

*J. H. Laird*, for appellee.

BUSKIRK, J.—This was an action by the Mount Vernon Masonic Hall Company against the appellant, to collect from him the sum by him subscribed to the preliminary articles of association. The action originated before a justice of the peace. The appellant appeared and demurred to the complaint, which demurrer was overruled, but as the circuit court did not on appeal pass upon the demurrer, the action of •the justice of the peace presents no question for our decision as to the sufficiency of the complaint. The appellant then answered, there was no such corporation. There was judgment for the plaintiff, and an appeal by the appellant to the circuit court.

In the circuit court, William M. Blakey, assignee in bankruptcy of the Mount Vernon Masonic Hall Company, was substituted as plaintiff.

The appellant filed an additional answer, to the effect that by the articles of association the capital stock of such company was fixed at twenty thousand dollars, and that only thirteen thousand dollars of stock had been subscribed. To this answer a demurrer was sustained, and the appellant excepted.

There was a trial by the court, and a finding for the appellee, and, over a motion for a new trial, judgment on the finding.

The appellant has assigned for error the following:

1. In overruling the demurrer to the complaint.

2. In sustaining the demurrer to the additional paragraph of the answer, and in refusing to carry such demurrer back to the complaint and sustain it thereto.

3. In overruling the motion for a new trial.

The first assignment of error presents no question for our decision. The justice of the peace overruled the demurrer to the complaint, and appellant excepted; but this ruling of the justice cannot be assigned for error. The appellant, having appealed to the circuit court, should have required that court to pass upon the demurrer, and if this had been done, then such ruling could have been assigned for error.

But the second assignment of error presents for our decision the sufficiency of the complaint. The principal question discussed by counsel is also raised by the third assignment of error, as the only evidence received on the trial was the articles of the association.

The action is based upon the appellant's subscription to the capital stock of the company. The articles of association signed by the appellant, including his subscription of stock, were very clearly mere preliminary articles, contemplating a future perfection of the organization as a corporation. In the language of this court, in *The Indianapolis Furnace and Mining Company* v. *Herkimer*, 46 Ind. 142, "the defendant's contract did not purport to be with an existing corporation, but with one to be brought into existence in the future. The averment in the complaint that the plaintiff was, at the time the subscription was made, an existing corporation, cannot change the nature and legal effect of the defendant's contract. That contract was, in legal effect, that the defendant would take and pay for the stock subscribed for, in case the organization should be perfected and the corporation brought into legal existence, and not otherwise. Such preliminary subscriptions seem to enure to the benefit of the corporation when formed. *Heaston* v. *The Cincinnati, etc., R. R. Co., supra*. But unless the subsequent steps, necessary to bring into existence the corporation, were taken, there was no corporation to whose benefit the contract could enure, and the defendant could not be liable; and it should have been averred in the complaint that such steps had been taken. *Wert* v. *The Crawfordsville, etc., Turnpike Co.*, 19 Ind. 242; *Williams* v. *The Franklin Township Academical Associ-*

*ation*, 26 Ind. 310. In such case, the estoppel growing out of a contract with a party as an existing corporation does not apply. In the case last cited, the court say: 'This rule of estoppel does not apply to a suit brought on a subscription made with a view to the organization of a corporation, and as preliminary thereto, where other acts are required by the law as a condition precedent to the exercise of corporate powers.' "

The principal question pressed upon our consideration is, whether the organization of the corporation was perfected.

The corporation was attempted to be organized under " an act for the incorporation of companies for the purpose of building and maintaining buildings to be used or occupied in whole or in part for Masonic meetings, purposes, or in any way for the accommodation or convenience of Masonic bodies or lodges," approved March 11th, 1867. 3 Ind. Stat. 143.

The first and second sections of said act are as follows:

" Sec. 1. Be it enacted by the General Assembly of the State of Indiana, that whenever three or more persons may desire to form a company for the purpose of building and maintaining buildings, to be used or occupied in whole or in part for Masonic meetings or purposes, or in any way for the use, accommodation or convenience of Masonic bodies or lodges, they shall make, sign and acknowledge, before some officer capable to take the acknowledgment of deeds, a certificate in writing, which shall state the corporate name adopted by the company, the objects of its formation, the amount of the capital stock, the number of directors, and their names, who shall manage the affairs of such company for the first year, and the name of the town, city or county in which the same is to be located, and shall file the same in the office of the recorder of such county, which shall be placed on record, and a duplicate thereof in the office of the Secretary of State.

" Sec. 2. When the certificate shall have been filed as aforesaid, the persons who shall have signed and acknowledged the same, and their successors, shall be a body politic

and corporate, and shall have and possess the powers, rights and privileges given to corporations, by common law."

The complaint did not allege that the requirements of the above quoted sections had been complied with. The articles of association filed with the complaint, and read in evidence on the trial, have attached thereto certificates of a notary public and the recorder of Posey county, showing that the signers had acknowledged the same, and that they had been recorded in such county, but there was no proof showing that the duplicate thereof had been filed in the office of the Secretary of State.

The statute, providing for the incorporation of furnace and mining companies, contains the same provisions in reference to the organization of such companies as are found in the above quoted sections.

In *The Indianapolis, etc., Co.* v. *Herkimer, supra,* the complaint did not aver a compliance therewith, and it appeared on the trial that the duplicate of the articles of association had not been filed in the office of the Secretary of State; and this court held, that an action could not be maintained against Herkimer, who had signed and subscribed the preliminary articles of association, and that in such case the defendant was not estopped from denying the existence of the corporation.

In *McIntire* v. *The McLain Ditching Association,* 40 Ind. 103, where the statute was the same in principle as in the present case, this court held, that the recording of the articles of association constituted a condition precedent to the exercise of corporate powers, and that such fact must be alleged in the complaint, and proved on the trial.

The above cases are directly in point, and are decisive of the present case.

The judgment is reversed, with costs; and the cause is remanded, with instructions to the court below to carry the demurrer to the answer back and sustain it to the complaint.