No. 11,130.

McCARTY, ADMINISTRATOR, *v.* WATERMAN.

PRACTICE.—*Striking out Testimony.—Overruling Motion.—Error.*—There is no error in overruling the plaintiff's motion to strike out the entire testimony of a witness, of which he can be heard to complain, when it appears that he elicited and introduced much of the testimony of such witness. His motion was too comprehensive.

SAME.—*Instructions.*—Where all the instructions contain a fair and correct statement of the law applicable to the issues and the evidence, and are not calculated to mislead, the judgment will not be reversed thereon, even though one of them, standing alone, might seem to be erroneous.

SAME.—*Weight of Evidence.—Supreme Court.*—The verdict will not be disturbed by the Supreme Court on the mere weight of the evidence.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts* and *W. R. Fertig*, for appellant.

*D. Moss, R. R. Stephenson* and *H. A. Lee*, for appellee.

HOWK, J.—This is the second time this cause has been before this court. When it was first here, the opinion and judgment of this court are reported under the title of *McCarty* v. *Waterman*, 84 Ind. 550.

The suit was brought by the appellant, as the administrator of the estate of Abraham Waterman, deceased, against the appellee a son of the decedent, as an executor *de son tort* of such estate. The appellee answered by a general denial of the appellant's complaint. On the former appeal, this court held, in substance, that the trial court had erred in admitting in evidence, over the appellant's objection, a certain written instrument executed by and between the decedent, in

his lifetime, and the appellee, upon the ground that such instrument, in so far as the decedent was concerned, was testamentary in its nature, and, not having been attested by two subscribing witnesses, was void and inoperative for any purpose. For this error, the judgment below was then reversed and the cause remanded for a new trial.

Without any material change in the pleadings or issues, the cause was again tried by a jury, and a verdict was again returned for the appellee, the defendant below. Over the appellant's motion for a new trial, judgment was rendered against him for the appellee's costs.

Error is assigned here by the appellant, which calls in question the decision of the circuit court in overruling his motion for a new trial.

We will consider and pass upon the several reasons for a new trial, insisted upon in.argument on behalf of the appellant, in the inverse order in which his counsel have discussed them. After one Silas Helms, a witness for the appellee, had testified fully in the cause, on his direct and cross-examination, the appellant's counsel moved the court " to order the testimony of this witness struck from the record, for the reason that the written contract referred to is the best evidence of what the contract was, and for the reason that the testimony is incompetent, irrelevant and immaterial, and for the further reason that his testimony shows, if there was any contract, it relates to the disposition of his property after his death." To this motion, as shown by the bill of exceptions, the court responded as follows: "All that pertains to the contract is not competent; all the conversation he refers to with the old gentleman, in reference to having turned over property to this defendant, is proper." The appellant seems to have regarded what the court thus said, as an overruling of his motion to strike out the testimony of the witness, Helms; for he excepted to it as such ruling and assigned it as cause for a new trial, in his motion therefor. It seems to us, how-

ever, that the court actually sustained so much of the appellant's motion to strike out as he had assigned even an apparently sufficient reason for.    He can not be permitted to treat what the court said as an overruling of his motion, and claim thereon that the court erred in overruling his motion for a new trial.    Besides, the court would have been justified, we think, if it had overruled in express terms the appellant's motion to strike out the testimony of Helms, for the reason that the motion was entirely too broad.    Much of such testimony was elicited by the appellant's own questions to the witness, and surely he had no right to ask that this testimony should be struck out, nor to complain of the court's refusal to strike it out.

Appellant's counsel also claim that the trial court erred in giving the jury, at the appellee's request, the following instruction:  "A written contract can be changed or modified by a subsequent parol agreement, and such modification or change may be proven by the declarations of the parties thereto; and any declarations or statements, if any, made by the old gentleman in his lifetime, in relation to the disposition of his property, can be considered by you in determining whether the written contract was changed or modified, or not."

In discussing the alleged error of the court, in giving this instruction, the appellant's counsel first dissect and separate it into what they call "three distinct propositions."    They then attack each one of these propositions separately, and reach the conclusion that each of them, separately considered, is erroneous.    The court gave the jury, of its own motion, two instructions, and two at the appellant's request, and two others at the appellee's request, besides the one above quoted.    It is well settled by the decisions of this court, that the instructions of the court to a jury ought to and must be construed with reference to each other, and as an entirety; and if the instructions, thus construed, present the law cor-

rectly and are not calculated to mislead the jury, the judgment will not be reversed thereon. *Eggleston* v. *Castle*, 42 Ind. 531; *Kirland* v. *State*, 43 Ind. 146 (13 Am. R. 386); *McCulley* v. *State*, 62 Ind. 428. Applying this doctrine to the case in hand, we have no difficulty in reaching the conclusion that there is no such error, in the instruction above quoted, as will authorize or justify the reversal of the judgment below.

One other question is discussed by the appellant's counsel, in their elaborate brief of this cause, and that is the alleged insufficiency of the evidence to sustain the verdict. There is legal evidence, appearing in the record, which tends to sustain the verdict on every material point. In such a case, this court will not attempt to weigh the evidence or to determine its preponderance. The reasons for this rule of practice have been so often given, in the decisions of this court, they need not be repeated here. *Cornelius* v. *Coughlin*, 86 Ind. 461, and cases cited.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed June 28, 1884.