Baker *v.* Carr.

Filed Feb. 12, 1885.

---

No. 12,003.

BAKER *v.* CARR.

PRACTICE.—*Supreme Court.*— *Weight of Evidence.*—Where there is some evidence tending to sustain the verdict, the judgment will not be disturbed by the Supreme Court on the weight of the evidence.

SAME.—*Harmless Error in Rejecting Evidence.*—The rejection of a proper question will not warrant the reversal of a judgment, where it is apparent that the party was not injured thereby.

EVIDENCE.—*Principal and Agent.*—*Statements of Agent.*—Where an agent's authority is not general, but special only, the statements of such agent as to any matter outside the scope of his agency will not bind the principal.

From the Fulton Circuit Court.

*J. S. Slick* and *I. Conner*, for appellant.

*M. L. Essick* and *G. W. Holman*, for appellee.

BICKNELL, C. C.—In this case the appellee claimed $126.85 for sawing 31,713 feet of ash lumber for the appellant, at $4 a thousand. The defendant answered in two paragraphs, to wit:

1. A general denial.

2. That in August, 1883, the plaintiff and defendant had a settlement of all accounts, upon which the defendant was found indebted to the plaintiff in the sum of $8, which he paid before the commencement of this suit.

The plaintiff replied in two paragraphs, viz.:

1. A denial.

2. Admitting a settlement, but alleging that it did not embrace the account sued on.

A jury found a verdict for the plaintiff for $86.85. The defendant's motion for a new trial was overruled; judgment

was rendered on the verdict, and the defendant appealed. The error assigned is overruling the motion for a new trial.

The only reasons for a new trial relied on for the reversal of the judgment, and discussed by the appellant in his brief, are the fourth, the third specification of the fifth, the sixth and the seventh.

The seventh is that the verdict is not sustained by sufficient evidence.

The appellant claimed that he agreed with one Shively to pay him for lumber delivered at the appellant's lumber yard, at the rate of $20 per thousand for firsts and seconds, and $8 per thousand for cullings, and that as Shively had no money to pay for either logs, or sawing, or hauling, the appellant agreed with him to accept and pay his orders in favor of the parties furnishing the trees, or sawing, or hauling, and deduct the amount of such orders from the price of the lumber delivered, and that no such orders were given to the appellee, and that no logs were ever sawed by the appellee for the appellant.

The appellee claimed that he sawed the logs for the appellant at his request ; that the appellant admitted that the logs were his, and promised to pay for them.

The appellant says in his brief : "This is not a case of conflict in the evidence ; there is no evidence tending to support the verdict."

The appellant testified as follows : "I wrote this letter ; it is in these words :

"'ROCHESTER, IND., March 15th, 1883.

"'MESSRS. CHANDLER & TAYLOR—*Sirs*—I understand that you have a claim against Mr. John Carr for saw-mill, and are about to close up on him. I write you in order to get you to hold on a short time yet, as the winter has been very close and he could not saw. I have about 50 M feet for him to saw, and will pay him as fast as he gets it sawed. I don't advance on saw bills. I understand that he has commenced to saw my logs now. Yours truly,

"'A. BAKER.'"

The appellee testified: "I sawed lumber for Baker, 31,713 feet at $4 per thousand; he has not paid me all; he paid me $40; Baker told me he would give $4 per thousand feet; he said a certain amount of logs he had at the mill; Baker had no logs there except what were brought there by Shively; I know where the logs came from; some came from Nelson's, some from Mickey's and some from Drudges'; Baker spoke of the Nelson and Mickey timber and said that was his; he said Shively was buying for him; I had asked Baker for my money; he would not pay because I had no order; he claimed I did not saw that much lumber; he said he would pay for all that had come on the yard; he said he never paid without an order from Shively, or when Shively was indebted to him."

William Shively testified: "I bought the timber for Baker; he said, 'you are working for me;' he said for Carr to go on, and he would pay as soon as it was sawed; he said he would not advance money; he also said he agreed to pay the saw bill and he was going to do it; in conversation about the timber Baker claimed to own it."

There was no conflict as to the quantity of sawing done, or as to price of it, or as to the amount paid having been $40. The foregoing testimony tended to sustain the verdict, and therefore the judgment can not be disturbed by this court on the weight of the evidence.

There was some testimony tending to support the position taken by appellant, to wit, that he was liable for the sawing to Shively only and had no contract with the appellee, but in such a conflict this court can not interfere. *McCarty* v. *Waterman*, 96 Ind. 594.

The fourth reason for a new trial is that the court erred in rejecting a question proposed to be put by the appellant to the witness Shively, as follows: "How many orders, if any, did you give the plaintiff Carr, directing the defendant Baker to pay money to Carr upon the saw bill?"

Inasmuch as there was some evidence tending to show that

Baker was to be liable only upon orders given by Shively, and as the jury might possibly have adopted that view, we think the court erred in rejecting the question under consideration, but the result showed that it was a harmless error. The verdict shows that the jury must have found that the logs belonged to Baker, and that he was primarily liable for the sawing thereof; that being so, it was altogether immaterial how many orders Shively gave or whether he gave any. The rejection of a proper question will not in such a case warrant the reversal of a judgment, the record not showing that the party was injured thereby. *Lett* v. *Horner*, 5 Blackf. 296; *Higgins* v. *State*, 7 Ind. 549; *Indianapolis, etc., Co.* v. *Herkimer*, 46 Ind. 142.

The third specification of the fifth cause for a new trial is, that the court erred in rejecting the following question proposed to be put by the appellant to the witness McDougal: "State what, if anything, did Moses McGee say at the settlement of that account, concerning it, and what the plaintiff Carr had authorized him to do about the account?"

It appeared that there had been dealings between Carr and Baker distinct from the account sued on. Carr had sold some lumber to Baker and had done some hauling for him. McGee was Carr's teamster in the hauling, and he was then acting for Carr, not as his general agent, but in reference to that lumber and hauling only. He was not shown to be Carr's agent as to any other matter, and what he said as to any other matter could not affect Carr. There was no error in this refusal.

The sixth reason for a new trial is, that the court sustained an objection to the following question proposed to be put to the appellant Baker by his counsel: "What is the fact as to there being anything due from you to Shively on the lumber furnished by Shively under his contract with you, on the 22d day of August, 1883? Was there ever a time when you were owing Shively for the lumber under this contract, when he drew an order in favor of plaintiff Carr, which you refused to pay?"

What has already been stated as to the fourth reason for a new trial may be repeated as to this sixth reason, viz., as there was some evidence tending to show that the appellant was not the purchaser of the logs, and was to pay the saw bill out of the price of the lumber payable to Shively, and then only on Shively's orders, and as, when this question was proposed, it could not be foreseen that the jury would not adopt the appellant's view of the testimony, it was proper for the appellant to show that Shively had been fully paid for the lumber at the time of the commencement of this suit, and had never given the plaintiff any orders, when he had anything due him, which were not paid by the defendants. The questions now under consideration were, therefore, erroneously rejected, but such error was harmless, because the verdict shows that the jury adopted the appellee's view of the testimony, and held that Baker was the owner of the logs and primarily liable to pay for the sawing thereof. In that view of the case, these questions were clearly altogether immaterial, and the rejection of them was a harmless error.

We find no available error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Feb. 12, 1885.