Filed Nov. 8, 1889.

———————————♦———————————

No. 13,964.

### WHEELER *v.* THAYER ET AL.

PLEADING.—*Averments—Should be Direct and Certain.*—All averments in a pleading should be direct and certain, and not in the alternative, or in ambiguous language.

CORPORATION.—*Liability of Stockholders.—Section 3869, R. S. 1881, Construed.*—Under the first proviso of section 3869, R. S. 1881, relating to the liability of the stockholders of a corporation, the party sued must be a stockholder, or member of the corporation, and a subscriber for unpaid stock; and his liability is only to the corporation, or its receiver. A subscriber for stock, who is not also a stockholder, is not liable on account of the statute, but simply on his subscription.

From the Marshall Circuit Court.

*S. Parker*, for appellant.

*H. Corbin*, *W. B. Hess* and *L. M. Lauer*, for appellees.

BERKSHIRE, J.—This action rests upon the construction to be given to the following section, 3869, R. S. 1881: "The stockholders and members of manufacturing and mining corporations shall only be liable for the amount of the stock subscribed by them respectively; and privileges or immunities which have been heretofore granted to such corporations shall, upon the same terms, equally belong to all citizens who may desire to incorporate themselves for

the same purpose : *Provided,* That such stockholders shall be individually liable for all debts, due and owing laborers, servants, apprentices, and employees for services rendered such corporation."

The complaint, in substance, alleges that on the 28th day of November, 1881, there was organized under and according to the general laws of the State of Indiana, at the city of Plymouth, in the State of Indiana, a private corporation known as the "Adams Chilled Plow Company," the business of which was to manufacture plows and machinery, and to do general foundry work ; that on the 11th day of November, 1882, said corporation, through its then president and secretary after due and proper authorization from its then board of directors, borrowed from the plaintiff six thousand dollars, which was to be used, as he was informed by its said president and secretary, in the business of the corporation, and was so used, and for which it executed to him a note due in three years from date, with interest at eight per cent. per annum, and to secure the said note executed at the same time a mortgage on all of its real estate, machinery and material on hand ; that afterwards, and on the 21st day of February, 1885, the said corporation transferred all of its property to a trustee, except certain subscriptions to stock which were unpaid ; that said trustee was to dispose of the said property so transferred and apply the same to the payment of the indebtedness of the said corporation, except the debt due to the appellant ; that said trustee sold the said trust property to one William J. Adams for the sum of $2,450 which was applied to the payment of the indebtedness against said corporation, and with which all of the debts and claims of said corporation were paid, except that of the appellant, and leaving the appellant then and now its only creditor ; that at that time the said corporation became wholly insolvent and has so continued ; that at no time since said sale has said corporation carried on any business ; that it has not

acquired any means or property with which to perform or carry on any business ; that no directors or officers to manage its affairs have been chosen since the date of said sale ; that the directors and officers theretofore elected, and then acting, have not performed any of the acts or duties devolving upon them since April 25th, 1885, at which time a meeting of the board of directors was held and a committee was appointed to ascertain a method to work a dissolution of said corporation ; that no report of the condition of said company has been made since said date or published ; that on the 28th day of January, 1887, the appellant obtained a judgment against said William J. Adams, the purchaser of the property mortgaged,(who, in his purchase, assumed the payment of said indebtedness, due to the appellant) for the sum of $5,202 and a decree foreclosing said mortgage ; that upon said judgment and decree an order of sale issued March 7th, 1887, and the mortgaged property was sold thereon for the sum of $840, and that is all that the appellant has realized or can realize on his said debt against said corporation, the said Adams being wholly and notoriously insolvent ; that at the time the appellant's said note was given and the money borrowed of him as stated, the appellees were the owners of stock in said corporation, or had become entitled to receive stock and liable to pay for the same, and subject to the liability of stockholders by signing the original subscription list and meeting with the other persons who were stockholders, as stockholders, and by performing services on committees in the organization of said corporation, and by performing like services after the corporation was organized ; that the said appellees have not paid to the corporation or to any person the amount of stock held by them, or which they are entitled to receive and pay for, but yet owe the amounts heretofore in this complaint set down as unpaid subscriptions ; that there is yet due the appellant and unpaid at this time on his said debt $4,450.

The appellees filed a demurrer to the said complaint which

was submitted to the court and sustained, and to the ruling of the court the appellant reserved an exception; and the appellant refusing to amend his complaint, judgment was rendered against him for want of a good complaint.

The appellant appeals and assigns as error the ruling of the court in sustaining the demurrer to his complaint.

The complaint violates one well known rule of pleading, which is, that all averments in a pleading should be direct and certain, and not in the alternative or in ambiguous language. Stephen Plead., 387 (Heard's ed.); *King* v. *Brereton*, 8 Mod. 329; *King* v. *Stocker*, 5 Mod. 137 (1 Salk. 342). It is difficult to tell whether the pleader intended to allege that the appellees were stockholders in the corporation or merely subscribers for stock in advance of its final organization. But the complaint does allege that the appellees were subscribers to the original articles of association, and it is the sums alleged to be due on these subscriptions which the appellant is seeking to recover.

If the corporation itself were to sue on these subscriptions it would be compelled to allege and show that every step necessary to a final and complete organization of the corporate body had been taken or the complaint would be bad, and if we concede that the appellant has a right of action to recover the amount of these subscriptions, he must show a perfected incorporation. *Wert* v. *Crawfordsville, etc., Co.*, 19 Ind. 242; *Williams* v. *Franklin, etc., Ass'n*, 26 Ind. 310; *Chance* v. *Indianapolis, etc., G. R. Co.*, 32 Ind. 472; *Indianapolis, etc., Co.* v. *Herkimer*, 46 Ind. 142; *Nelson* v. *Blakey*, 47 Ind. 38. But we do not rest our decision on this ground. The statute does not justify the construction which the appellant is seeking to have placed upon it.

The liability which is provided for in the first branch of the section is a liability by the individual stockholders or members of the corporation to the corporation, or in case of its insolvency to a receiver appointed to wind up its affairs.

Under this branch of the section the party sued must occupy the relation of stockholder or member of the corporation, and have subscribed for stock which is unpaid. In that event he is liable to an action by the corporation or its receiver, in case one has been appointed. The statute is not, in our judgment, broad enough to cover the case of one who has subscribed for stock but has not become a stockholder. In that event he would not be liable on account of the statute, but simply on his subscription.

It is quite clear that the appellant has no right of action against the appellees. If they owe the corporation anything on account of stock subscriptions a receiver should be appointed to settle up the affairs of the corporation, who may enforce collections and by due course of law settle up its affairs.

It is true the appellant avers that he is the only creditor, and this may be, so far as he knows, but other creditors may turn up, and if so they ought to have an opportunity to file their claims, as they would have the right to do if a receiver is appointed.

The case of *Dukes* v. *Love*, 97 Ind. 341, is somewhat like the case under consideration. That was an action by the receiver of the Indiana Manufacturing Company against the estate of John Love, deceased, whereby the appellant sought to recover from the decedent's estate an amount claimed to be due from the Wooten Desk Company, another manufacturing company. The averments in the complaint are very similar to the averments in the complaint under consideration, and the right of action against the appellee was predicated upon the fact that the decedent was a stockholder in the Wooten Desk Company. The learned judge who delivered the opinion did not seem to imagine for a moment that there could be any claim or liability on the first branch of the section, for he said : "The appellant confessedly bases his right to a recovery in this cause upon the language of the *proviso* in section 3869, R. S. 1881, in force since August

24th, 1875." He then goes on to hold that the case was not within the *proviso*. As we have said, the complaint in that case was very similar to the complaint before us. It was broad enough to cover a liability under the first branch of the section if there had been one, and if so, it is not likely the learned judge would have overlooked it.

Judgment affirmed, with costs.

Filed Nov. 8, 1889.