ALASKA GOLD MINING CO. v. EBNER.

First Division. Juneau. December 4, 1905.)

No. 418a.

1. CORPORATIONS—LAWS OF OREGON—STATUTES.

The organic act of 1884 extended the general laws of Oregon so far as applicable to Alaska. *Held*, that the laws providing for the incorporation of domestic corporations were applicable, and were so extended to Alaska.

2. SAME—REPEAL.

The Civil Code of June 6, 1900, tit. 3, c. 36, § 368, provided: "All acts or parts of acts in conflict with the provisions of this act are hereby repealed." *Held*, that the Oregon laws for the incorporation of domestic corporations in Alaska, not being in conflict, were not repealed, and remained in force.

Lewis P. Shackleford, for plaintiff.

Thomas R. Lyons, for defendant.

GUNNISON, District Judge.   Plaintiff brings this action for the recovery of a certain sum of money.   Defendant demurs to the complaint upon two grounds:   (1) That the complaint does not state facts sufficient to constitute a cause of action; and (2) that the plaintiff has no legal capacity to sue.

On the argument of the demurrer defendant relied upon his second ground, which attacks the very existence of the plaintiff company.   The first allegation of the complaint is that plaintiff "is a corporation organized and existing undei and by virtue of the laws of the United States provided for the

District of Alaska." Defendant, by his demurrer, challenges the assertion that the laws of the United States provided for Alaska permit the incorporation and organization of corporations in Alaska. The demurrer raises a novel, and, withal, a most important, question; for if defendant's contention be correct, many who have in good faith sought to avail themselves of the benefits of the supposed domestic corporation laws of Alaska will find themselves in a most unfortunate plight. An examination of the Alaskan decisions fails to disclose an adjudication upon the subject. It remained for the logical and ingenious mind of counsel to discover a possible flaw. While his reasoning is seductive, it is not, after a careful perusal of the statutes and cases, convincing.

It becomes necessary, in passing upon the question, to examine the laws of Oregon, as well as those of the United States relating to Alaska, for before a statute may be fairly construed the whole law upon the subject must be examined for such light as it may give upon the legislators' intention. For many years prior to June 6, 1900, by section 7 of chapter 53 of the Act of May 17, 1884, 23 Stat. 25 (1 Supp. U. S. Rev. St. 432), Congress provided:

"That the general laws of Oregon, now in force, are hereby declared to be the law of said district (Alaska), so far as the same may be applicable and not in conflict with the provisions of this act or the laws of the United States.".

By this enactment, the laws of Oregon on the subject of the incorporation of companies became the laws of Alaska on that subject, if they were applicable, and not in conflict with the provisions of the organic act or the laws of the United States. That they were not in conflict is obvious, for there were no laws of the United States relative to corporations in Alaska, and the organic act of 1884 made no provision therefor.

We must then inquire if the laws of Oregon relating to corporations are applicable. Defendant urges that they are not.

A perusal of some of the sections of chapter 7 of title 1 of the General Laws of Oregon of 1872, which were in force at the date of enactment of the above, will be useful. Section 1 of that title announces·when persons desiring to incorporate may do so. Section 2 provides how the desire shall be accomplished, as follows:

"Such persons shall make and subscribe written articles of incorporation in triplicate, and acknowledge the same before any officer authorized to take the acknowledgment of a deed, and file one of such articles in the office of the secretary of state, another with the clerk of the county where the enterprise, business, pursuit or occupation is proposed to be carried on, or the principal office. or place of business is proposed to be located, and retain the third in the possession of the corporation."

Here, then, we find the point where defendant asserts it to be inapplicable. Where and how, asks defendant, is a prospective corporation to find the Secretary of State and county clerk in Alaska? A reasonable query, truly, and one which must be answered before the incorporators may bring their company into existence, for the courts uniformly hold that, under the system of incorporation through general laws, a corporation de jure is an artificial body, created by operation of law upon the performance ·of certain acts prescribed by law. When these acts have been performed and the requirements of the law have been met by the persons desiring to incorporate, the corporation comes into legal existence. "But this result can only be accomplished by compliance with the prerequisites of the statute." Martin v. Deetz, 102 Cal. 62, 36 Pac. 368, 41 Am. St. Rep. 151; Mokelumne H. M. Co. v. Woodbury, 14 Cal. 426, 73 Am. Dec. 658; Indianapolis, F. & M. Co. v. Herkimer, 46 Ind. 148.

Section 4, c. 53, Act May 17, 1884, 23 Stat. 24 (1 Supp. U. S. Rev. St. 432), made the clerk of the district court ex officio secretary of the district—a position equivalent to that of Secretary of State, with whom, the Oregon statute says, one of the

certificates must be filed. So far, then, the statute is applicable. But the District of Alaska was not divided into counties, with county clerks. It was, however, permitted (section 4, supra) that the district court might direct the establishment of four separate offices at specified places in the district for the recording of such instruments as might pertain to the several natural divisions of the district most convenient thereto; the limits to be defined by the court, the offices to be in charge of the commissioners thereafter in section 5 provided for. Here, then, was the officer corresponding to the county clerk, with whom the other certificate might be filed. We are of the opinion, however, that a filing of the second certificate with the clerk of the court would have met the requirement, for it is well settled that the intention of the Legislature should not be defeated by a strict construction of the statute. "The discovery of that intention is, after all, the cardinal purpose of statutory construction" (7 Am. & Eng. Ency. of L. [2d Ed.] 711), and the intention of the Legislature to provide business men of Alaska with a mode of combining for business purposes seems to be clear. It may be considered as established, then, that the incorporation law of Oregon was applicable to Alaska, and that it therefore became and was a part of the laws of Alaska, when Act June 6, 1900, c. 786, 31 Stat. 321, an act making further provision for a civil government for Alaska, was passed by Congress.

By title 3, c. 36, § 368, of that act, it is provided, among other matters, that "all acts or parts of acts in conflict with the provisions of this act are hereby repealed." Was that part of the Oregon law which had by act of Congress been made a part of the laws of Alaska in conflict with any provision in the newly enacted statute? An examination of the statute negatives the idea. The intention of Congress, as disclosed by an inspection of this new statute, evidently was that the law upon the subject needed no change, but that it might be supplement-

ed.   Congress therefore enacted as a part of title 2 of the Code of Civil Procedure chapter 36, relative to "actions against corporations," etc.   From section 338, as from other sections therein, may be drawn the intention to regard the Oregon law as unchanged with regard to Alaska.   While no new provision is made for the creation of a corporation, Congress established a means of annulling the existence of a corporation, public or private, "when the same has been formed under any general law operating in this district therefor."   Nothing could be plainer, even to the mind of a layman untrained in the scrutiny and interpretation of the law, than that the intention of Congress was to leave the Alaskan law of domestic corporations as it was, and to enact such additional provisions as seemed to be needed to round it out into more perfect legislation.

So, too, there now need be no uncertainty as to who are the proper officers with whom to file articles of incorporation, for under title 1, c. 1, § 3, of chapter 786, Act June 6, 1900, 31 Stat. 322, the surveyor general is made the ex officio secretary of the district, and is directed to perform all the official duties required by law to be performed by the secretary of a territory of the United States, in so far as applicable to said district, and such other duties as may be required by law.   With him, then, the articles should be filed in order to comply with the direction of the law.

The other article of incorporation should be filed with the clerk of the court.   Section 7, c. 1, tit. 1, of chapter 786, Act June 6, 1900, 31 Stat. 324, provides that each clerk shall in his division of the district perform the duties required by law to be performed by clerks of the United States courts in other districts, and such other duties as may be prescribed by the laws of the United States relating to the District of Alaska.   While Congress has not, in so many words, said that the words "county clerk" appearing in the Oregon statute shall be construed to

mean the clerk of the court, it has indicated this almost as plainly in chapter 23, tit. 2, of chapter 786, Act June 6, 1900, 31 Stat. 528, relating to foreign corporations. Before a foreign corporation shall do business in the District of Alaska, Congress declares that it "shall file in the office of the secretary of the district and in the office of the clerk of the district court for the division wherein it intends to carry on business a duly authenticated copy of its charter or articles of incorporation." Here, again, the intention of Congress is gathered, and by following out this obvious intention the persons desiring to incorporate, while not filing with an actual secretary of state and an actual county clerk, are substantially complying with the law when they file with the surveyor general and the clerk of the court for the division in which they intend to carry on the business. No prerequisite declared by the law to be necessary has been omitted. There has been a substantial compliance with the law, and that is sufficient. Martin v. Deetz, supra; Indianapolis F. & M. Co. v. Herkimer, supra, and other cases cited therein.

That the corporations may be created under the laws of the United States applicable to Alaska seems to be unquestionable, and therefore defendant's demurrer must fail. If a corporation can be brought into existence in the district, defendant's ground is taken from under him, for his contention was that corporations could not be created here, and that hence plaintiff was not even a de facto corporation, because, before it can be even a de facto body, it must be possible to be a corporation de jure (Evenson v. Ellingson [Wis.] 31 N. W. 347); and that, therefore, having no existence in law or in fact, plaintiff could not sue. This reasoning is correct provided his original premise is sound. As that fails, his structure falls.

The court is of the opinion that neither ground of demurrer is well taken; hence the demurrer must be overruled. Let an order to that effect be entered.