THE DUTCHESS AND COLUMBIA COUNTY RAILROAD COMPANY, Respondent, *v.* JAMES MABBETT, Appellant.

A signature to an incomplete paper, wanting in some substantial particular, where no delegation of authority is conferred to supply the defect, does not bind the signer, without consent upon his part to the completion of the instrument.

Defendant subscribed to articles of association for the purpose of organizing a railroad corporation, under the provisions of the general railroad act of 1850 (chap. 140, Laws of 1850); at the time of signing the names of the directors were left in blank. *Held*, that the instrument was incomplete and inoperative as against defendant ; that there was no implied consent upon his part to the insertion of the names of any persons as directors; and that by the insertion of such names without his consent, the instrument was not made binding upon him.

(Argued September 23, 1874; decided October 6, 1874.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought to recover the amount of an alleged subscription by defendant to the capital stock of the plaintiff.

Articles of association in the form prescribed by the general railroad act of 1850 (chap. 140, Laws of 1850), with the exception that no persons were named as directors, but with the places for such names left in blank, were signed by defendant, he agreeing to take twenty shares. The names of directors were subsequently inserted, and the articles filed in the office of the secretary of State.

The referee found that defendant never consented to any directors, and never had the opportunity to consent or object to any. Further facts appear in the opinion.

*Amasa J. Parker* for the appellant. The articles, when signed by defendant, were incomplete, and as to him plaintiff is not a corporation. (*Burrows* v. *Smith*, 10 N. Y., 563, 566 ; *W. and A. C. Institute* v. *Blackman*, 48 id., 663 ;

*Childs* v. *Smith*, 55 Barb., 45 ; *Sanford* v. *Handy*, 25 Wend., 475 ; *Stewart* v. *Trustees, etc.*, 2 Denio, 403 ; 1 Comst., 581 ; *Berry* v. *Yates*, 24 Barb., 199 ; *P. and S. P. P. R. Co.* v. *Griffen*, 24 N. Y., 150, 155 ; *E. and N. Y. C. R. R. Co.* v. *Owen*, 32 Barb., 616, 625.) The filing had no effect upon the validity of the instrument. (*Childs* v. *Smith*, 55 Barb., 45 ; *T. and B. R. R. Co.* v. *Tibbits*, 18 Barb., 297, 302 ; *H. and D. P. R.* v. *Rice*, 7 id., 157, 166 ; *L. A. R. Co.* v. *Mason*, 16 N. Y., 451, 456.

*William S. Eno* for the respondent. The facts found by the referee are conclusive, and cannot be reviewed. (*Loeschick* v. *Baldwin*, 38 N. Y., 326 ; *Porter* v. *Ruckman*, id., 210 ; *Draper* v. *Stournel*, id., 219 ; *Colwel* v. *Lawrence*, id., 71 ; *Ostrander* v. *Fellows*, 39 N. Y., 350.) After his original findings, he had no power to vary them without the order of the Supreme Court. (*Carroll* v. *C. and S. I. R. R. Co.*, 65 Barb., 32 ; *Lefler* v. *Field*, 47 N. Y., 407 ; *Carter* v. *Shipman*, id., 533 ; *Van Slyke* v. *Hyatt*, 46 id., 269 ; *Brittingham* v. *Stearns*, 1 Hall, 379 ; *Shearman* v. *Justus*, 22 How., 241 ; *Cooper* v. *Bowles*, 42 Barb., 98 ; *Niles* v. *Pierce*, 23 How., 473.) Though the organization papers filed be defective, upon proof of user plaintiff is a corporation *de facto*, and its validity cannot be questioned collaterally. (*B. and A. R. R. Co.* v. *Cary*, 26 N. Y., 75 ; *Eaton* v. *Aspinwall*, 19 id., 119 ; *M. E. Church* v. *Rickett*, id., 482 ; *Bank of T.* v. *D. Bank*, 21 id., 542 ; *B. R. Canal* v. *Clark*, 25 id., 208 ; *Leonardsville Bank* v. *Willard*, id., 574 ; *Doyle* v. *Peerless Pet. Co.*, 44 Barb., 239 ; *Jowar* v. *Hale*, 46 id., 361 ; *Paper Works* v. *Willett*, 14 Abb., 416.) The legislature having recognized the validity and existence of plaintiff as a corporation by various acts, its validity cannot now be questioned. *B. R. R.* v. *Barnard*, 31 Barb., 258 ; *White* v. *Coventry*, 29 Barb., 305 ; *White* v. *Ross*, 15 Abb., 66 ; *People* v. *M. Co.*, 9 Wend., 351.)

JOHNSON, J. Conceding that the corporate character of the plaintiff is so far made out as to be unassailable except by

the State, this only establishes its right to maintain an action in the corporate name, but does not establish its right to charge the defendant with the amount sought to be recovered in this case. Whether he is so liable must depend upon either his agreement or upon some statutory liability imposed as a consequence of his acts in respect to the organization of the company.

The paper produced from the office of the secretary of State, where it was filed under the general railroad act of 1850, contains among other things an engagement by the defendant to take twenty shares of the stock of the company, entered into by him as a subscriber to the articles of association, by which the company was organized. Assuming that this paper, as it appears on file and was put in evidence, on its face contains an agreement sufficient to charge the defendant, either by its own force as an agreement, or taken in connection with the statutory provisions in regard to the organization of railroad corporations, we are brought to the question of the effect of certain further facts, upon which the case before us depends. When the defendant signed the articles, no persons were named in them as directors, nor did he ever consent or have any opportunity to consent or object to any persons as directors, nor has he ever consented to any action appointing or naming directors. These facts are found by the referee in his additional findings of fact, and are to be regarded in the decision of the cause. Under the statute the designation of directors must be contained in the articles of association, which are to be filed in order to constitute the corporation. (3 Stat. at Large, 618.) Under these circumstances, if the paper in question were a mere private engagement, it would be apparent that, when signed, it was an incomplete instrument; and that, under the facts found, it would not have been obligatory upon the defendant, since, upon those facts, there could not be said to be any consent, either express or implied, on the part of the defendant, to the insertion of the names of any persons as directors of the company. Under the statute, it obtains, in my opinion, no

additional force.   The articles of association are required to contain the names and places of residence of the directors who shall manage its concerns for the first year, and until others are chosen in their places.   If the articles when signed contain all the particulars required by the statute, then the corporation can be organized upon them.   The signature to the completed articles, whenever made, would be undoubtedly a sufficient consent to all the particulars specified.   But when the articles, in an incomplete state, are circulated in order to procure subscriptions, the mere signing of them cannot be regarded as binding the signer to abide by such filling up of blanks and supplying of wanting provisions as any one may choose to insert.   In such a case, the signing is merely preliminary in character and can only become binding upon the signer by his assent to the completion of the paper.   When signed without any designation of directors or of other material particulars, it must be understood that the signers are to be at least consulted in respect to these matters.   If they are not, no principle of law, nor any declaration of the statute, declares their liability.   The findings in this case negative any consent in any form, express or implied, and of course we must treat the question on that basis.   Under the statute it seems to be required that the articles of association shall contain all the necessary particulars to the formation of a railroad corporation.   The name and duration of the company, its termini, its length, its capital, the number of its shares and the names of its directors, are to be specified. These are, obviously, matters to be determined by the parties interested, and consultation between them, or at least consent, is implied of necessity to fix these requisite particulars. When a complete paper is signed, that will suffice ; that being a full consent to all the details.   A signature to an incomplete paper, wanting in any substantial particular, when no delegation of authority is conferred to supply the defect, does not bind the signer, without further assent on his part, to the completion of the instrument.   These views are substantially sustained by the cases of the *Troy & B. Railroad Co.* v. *Tib-*

*bits* (18 Barb., 297), *Same* v. *Warren* (18 id., 310) and *Pough-keepsie and Salt Point P. R. Co.* v. *Griffin* (24 N. Y., 150). Whether the preliminary consent is given upon a separate and different paper from that which is to become the articles of association, or whether the paper signed is that which, when completed, is to be the actual articles of association spoken of in the statute, can make no difference. The principle is only, that consent is necessary to the making of a contract, and that the statute does introduce any different rule.

The judgment must be reversed and new trial ordered, costs to abide the event.

All concur.

Judgment reversed.