REED v. THE RICHMOND STREET RAILROAD CO.

STREET RAILROAD.—*Suit on Subscription to Stock.—Articles of Association.*— There can be no recovery upon a subscription to the capital stock of a street railroad company, made before its organization, where it is not shown that the defendant, after the subscription of the requisite amount of stock, subscribed articles of association in which were set forth, besides other requisites, the number of directors to manage the company and their names, as required by section 1, 3 Ind. Stat. 422, and it does not appear that he ever assented to the number or names of the directors.

From the Wayne Circuit Court.

J. P. *Siddall* and I. B. *Morris*, for appellant.

C. H. *Burchenal* and A. L. *Study*, for appellee.

DOWNEY, J.—This was an action by the appellee against the appellant, to recover the amount of a subscription to the capital stock of the company.    The subscription was made to an instrument purporting to be articles of association, and containing also an agreement to pay for the shares subscribed.

By a demurrer to the complaint, and also to the answer, the question is presented as to the proper construction of the following section of the act relating to the incorporation of street railway companies :

" That any number of persons, not less than five, being subscribers to the stock of any contemplated street or horse railroad company, may be formed into a corporation for the purpose of constructing, owning, and maintaining street or horse railroads, switches, or side-tracks, upon or through the streets of the cities or towns within the State, by complying with the following requirements : Whenever stock to the amount of at least ten thousand dollars shall have been subscribed, the subscribers to such stock shall elect directors for such company from their own number, and shall severally subscribe articles of association in which shall be set forth the name of the corporation, the amount of capital stock of the company, the number of shares of which said stock shall consist, the number of directors, and the names to manage the affairs of the company, the city or town in which it is proposed to construct such road."    3 Ind. Stat. 422, sec. 1.

The subscription having been made before the organization of the company, it was necessary to a recovery thereon that it should appear that the subsequent steps essential to bring the corporation into existence were duly taken.    There was no corporation to which the benefits of the subscription could enure until such steps had been taken.    *The Indianapolis, etc., Co.* v. *Herkimer*, 46 Ind. 142, and cases cited, and *Nelson* v. *Blakey*, 47 Ind. 38.

The complaint alleges, " that after ten thousand dollars or more of such stock had been subscribed," etc., " on," etc., " a large number, to wit, twelve, of the said subscribers met at the said city for the purpose of organizing and electing direc-

tors for said company, notice in writing of the time, place, and purpose of such meeting having been given by two of said subscribers through the post-office of said city to the defendant and the other subscribers, pursuant to article No. 4 of said articles of association, and the defendant being also personally notified of the time, place, and purpose of such meeting; and being so met and assembled, the said subscribers and stockholders proceeded to organize said company, and then and there adopted the said articles of association, and then and there elected seven of their number, to wit," etc., " as their directors to manage the affairs of said company, and thereupon the said association became and was a corporation, under the name and style aforesaid, for the purpose aforesaid."

Counsel for the appellant contend that under the section of the statute which we have set forth, it was necessary that articles of association should have been signed by the subscribers, in addition to the instrument which they had previously signed; while counsel for the appellee insist that the subscribers having already executed the articles, when they adopted them at the meeting of the stockholders, this was all that was necessary to comply with the statute.

Counsel for the appellee refer us to *Eakright* v. *The Logansport, etc., R. R. Co.*, 13 Ind. 404, as a case in point to sustain their views. There is, we think, an important difference between that case and the one under consideration. There, as the court say in the opinion, " all the requirements of the statute have, in this instance, been literally pursued, save that of naming the directors in the articles of association, and that, it seems to us, has, in effect, been done by the adoption of the articles when the directors were elected."

In the case under consideration, all that is said in the instrument in question about the directors is this:

" Art. 3. The affairs, government, and control of said corporation shall be under the management of a board of directors, said board to consist of not less than five nor more than seven stockholders."

Not only is there a failure to name the directors in the arti-

cles of association, but, also, there is a failure to fix the number.

The statute under which this company attempted to organize, which we have already set forth in this opinion, requires the following things to be done by the subscribers after the requisite amount of stock has been subscribed :

1. They shall elect directors from their own number.

2. They shall severally subscribe articles of association, in which shall be set forth : 1. The name of the corporation ; 2. The amount of the capital stock of the company ; 3. The number of shares of which said stock shall consist ; 4. The number of directors to manage the affairs of the company, and their names ; 5. The city or town in which it is proposed to construct such road.

Conceding that the statute has been complied with in other respects, it seems to us that there has been an entire failure to comply with the fourth requirement. If one of these requirements can be dispensed with, or held to be directory merely, we do not see where we are to stop. The case of *Eakright* v. *The Logansport, etc., R. R. Co., supra,* went as far in this direction as we are willing to go. The appellant never, in any way, assented to the number or names of the directors, for they were not stated in the articles signed by him, and he was not at the meeting when the number of directors was designated, and they were elected.

In our opinion, the court committed an error in ruling this point against the appellant.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.