No. 7208.

## RICHMOND STREET RAILROAD COMPANY *v.* REED.

RES ADJUDICATA.—*Judgment of Supreme Court.*—A decision and judgment of the Supreme Court reversing and remanding a cause is the law of the case, upon the questions involved and adjudged, in all subsequent stages, even in the Supreme Court upon another appeal.

STREET RAILWAY.—*Incorporation.*—*Organization.*—A party, signing an instrument plainly intended to be final articles of association for the organization of a street railway company (though defective), one of the articles giving power to any two subscribers to call a meeting "for the purpose of effecting an organization and incorporating under the laws of Indiana" and electing directors, and authorizing any three subscribers at such meeting " to have said company duly organized and incorporated as herein provided," does not thereby empower such meeting to make new and perfect articles of association, and bind him thereby.

From the Wayne Circuit Court.

*C. H. Burchenal*, for appellant.

*A. B. Young*, for appellee.

ELLIOTT, J.—This case is in this court for the second time. The appellee prosecuted the first appeal, and obtained a judgment reversing that of the circuit court, and instructing it to sustain the demurrer to the complaint. *Reed* v. *Richmond Street R. R. Co.*, 50 Ind. 342.

It is important to determine, at the outset, what questions were before, and decided by, the court upon the former appeal. It is a settled rule that the decision of the appellate court upon the question or questions in judgment is conclusive upon such questions throughout all the subsequent stages of the case. What is stated by way of illustration or argument does not, of course, possess any such force, but the decision upon the questions properly before the court does have this effect.

It was decided in that case that, the subscription sued on having been made before the organization of the corporation, it was necessary to a recovery that the complaint should show that the steps essential to bring the corporation into existence

were duly taken.  This ruling, we may remark in passing, is in accordance with the settled doctrine of this court.  It was also decided that the complaint, as it then stood, was bad, because it did not show a compliance with the statute, in that it was not made to appear that the appellee Reed in any way assented to the number or names of the directors.  The court, in the course of the opinion, enumerated the requirements of the statute, and said: "The appellant never, in any way, assented to the number or names of the directors, for they were not stated in the articles signed by him, and he was not at the meeting when the number of the directors was designated, and they were elected."

After the case reached the court below, in obedience to the judgment remanding it, the appellant amended its complaint, and the question which we first encounter is, does the amendment to the first paragraph of the complaint take it out of the rule established by the judgment of this court upon the former appeal?  The learned counsel for the appellant thus describes the amendment: " But, since that ruling was made [i. e., the ruling of this court on the former appeal], the complaint has been amended, and now comes here with the additional averment that, at the same meeting when the articles were adopted and the directors elected, the subscribers, by an express resolution, fixed the number of directors at seven."  We can not regard this amendment as freeing this paragraph of the complaint from the fault adjudged to exist by this court.  The pleading is, in all substantial respects, the same as that pronounced bad, and we can not, even if so disposed, change that judgment.  The amendment does not show that the appellee assented, either directly or indirectly, to the designation of the number of directors, or that he acquiesced in their election.

If we did not feel bound to regard the judgment upon the former appeal as conclusive, and felt ourselves at liberty to decide the question as an open one, we should decide it adversely to the appellant.  The statute provides that the articles of association shall contain four distinct and substantive

statements, and courts have no power to declare that any one of these may be omitted. If they have the power to declare this as to one, they must necessarily have that power as to more than one, and this would leave the decision of the sufficiency of such instruments to be determined by another and different standard than that prescribed by the Legislature. It would lead to uncertainty and confusion to depart from the plain language of the statute. While to hold to it will secure certainty and impose hardship upon no one; for the language of the statute is plain and unambiguous, and its requirements easily complied with. R. S. 1881, section 4143.

The second paragraph of the complaint alleges that the appellee, with other persons, subscribed articles of association, with a view to the organization of a corporation for the purpose of constructing and operating a street railway; that said articles provided for a capital stock of not less than $10,000 nor more than $100,000, to be divided into shares of $25 each; that the articles contained an agreement to take and pay for the shares of stock set opposite the names of the respective subscribers; that, after more than five persons had subscribed such articles, and stock to the amount of $10,000 had been subscribed, twelve of the subscribers held a meeting for the purpose of organizing and electing directors; that notice of the time and place of the meeting had been previously duly given; that, at such meeting, the subscribers elected seven directors and severally subscribed articles of association, setting forth the names of the directors, the amount of capital stock, the number of shares of such stock and the name and purpose of the corporation. The instrument subscribed by the appellee is set forth, but not that alleged to have been adopted and subscribed at the meeting of the twelve subscribers.

The paper subscribed by the appellee was not sufficient to constitute the subscribers a corporation. One reason for declaring it insufficient is, that the number and names of the directors are not stated. We are satisfied, as already declared, that the requirements of the statute must be complied with in

the execution of articles of association. *Reed* v. *Richmond, etc., Co., supra; Dutchess, etc., R. R. Co.* v. *Mabbett,* 58 N. Y. 397; *Poughkeepsie, etc., Co.* v. *Griffin,* 24 N. Y. 150. As we find one valid reason for holding the instrument insufficient, we need not examine the other objections stated by counsel.

It is contended by appellant that the complaint shows two different articles of association, and that the one set out as an exhibit is a mere preliminary paper; while that executed at the meeting of the twelve subscribers is the final and complete one. We think this position can not be maintained. The paper in terms declares its character, and the provisions written in the body clearly and unmistakably show that it was intended and understood by the signers to be a complete and final instrument of incorporation. Where one subscribes a paper which, in direct terms, professes to constitute articles of association, and contains provisions showing that to be the character its subscribers intend it to bear, it can not afterwards, without the assent of the subscriber, be transformed into a mere preliminary agreement. A paper which, at the time of its execution, means one thing, can not, without the consent of its signers, be afterwards made to mean something different.

It is also contended by appellant that there is a delegation of authority in the following clause: "Article 4. When the full amount of said capital stock of $10,000 or more has been subscribed, it shall be lawful for any two of said subscribers to give notice in writing, through the post-office, to all of said subscribers, of the time and place of meeting, for the purpose of effecting an organization and incorporating under the laws of Indiana, and electing directors. And, after such notice, any three or more of such subscribers may meet at such time and place, and proceed to have said company duly organized and incorporated as herein provided." Conceding, without deciding, that this was a delegation of authority by the appellee to his associate subscribers, it is by no means so broad as that claimed by counsel. It is no authority to execute new articles of association. The authority to incorporate

means plainly enough the authority to make the articles of association effective by filing as the law requires. The incorporation was not complete until this was done. There is nothing in the language used indicative of an intention to vest in others the authority to execute new and different articles of association, and the situation and surroundings of the parties forbid such a construction of the language used. It is not reasonable to presume that a party having subscribed articles of association, professing in terms to be such, and containing provisions indicating a complete instrument of that character, meant to confer authority upon his associates to change them at their pleasure. To hold this would be to declare that the appellee clothed his associates with authority to increase the capital stock at their pleasure, to increase his own liability, and, in short, in any and every way, except only the object of the association, change the effect and character of the instrument he had signed. The reasonable construction of the clause quoted is that it invested three or more subscribers with power to perfect the corporate organization; not to tear up its foundation and build a new one. The provision in the clause relied on by appellant, "and proceed to have said company duly organized and incorporated as herein provided," shows that the articles then executed, and not different ones, were to be the basis of the corporation. This restriction forbids the conclusion that the subscribers meant to clothe three of their number with power to make new articles. It is a familiar rule of construction, that a contract shall, if it can be reasonably done, be so construed as to give effect to every clause, and none be deemed meaningless; and this rule, applied here, would require full force to be given to the clause quoted. Not only does this rule require the construction we adopt, but the context plainly indicates the intention of the parties to give the clause full force and effect.

Judgment affirmed.