No. 10,127.

## GERBER v. FRIDAY ET AL.

SUPREME COURT.—*Res Adjudicata.*—*Pleading.*—A complaint was held good by the Supreme Court on appeal, and the court below, obeying its mandate, then overruled a demurrer to it. On a subsequent appeal,

*Held*, that the former decision, though erroneous, must be adhered to in that case, and an answer, which neither denied nor confessed and avoided the complaint, must be held bad on demurrer.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellant.

*D. Moss, R. R. Stephenson* and *W. S. Christian*, for appellees.

BLACK, C.—The appellant, as one of the sureties upon the earlier maturing of two notes executed by one Jacob Rudy to one Sharp, both notes being for purchase-money of certain

land and secured by mortgage thereon, having been compelled, Jacob Rudy being insolvent, to pay a judgment obtained on said note of prior maturity by said Sharp and one Taylor, brought this action against Sharp, Rudy, Taylor and others, seeking to be subrogated to the rights of the mortgagee and to foreclose said mortgage.

A demurrer to the complaint was filed by Sharp, which was sustained. Gerber appealed to this court from the judgment rendered against him upon the demurrer, and the judgment was reversed. See *Gerber* v. *Sharp*, 72 Ind. 553, where the complaint is set out.

Upon the return of the case, the court below, in obedience to the mandate of this court, overruled the demurrer of Sharp to the complaint. Afterward, one Jacob Stehman was, upon his application, admitted as a defendant, and Sharp was defaulted. Later, the death of said Jacob Stehman was suggested, and the appellees were substituted as defendants, who filed an answer, showing that some of them were the heirs at law of said Jacob Stehman, deceased, and that the others were the administrators of his estate, and alleging, "by way of answer to so much of said complaint as seeks a strict foreclosure against these defendants," that on the sale of the mortgaged property by Sharp to Jacob Rudy, as averred in the complaint, no cash payment of purchase-money was made, but time was given on the full amount thereof, upon the express condition that said Jacob Rudy would give personal security upon the first payment, in addition to the mortgage security; and, pursuant to said agreement, the appellant and Ezra H. Rudy signed said note as sureties; that afterward, at the April term of the court below, for what year is not stated, said Sharp, by the proper judgment and decree of said court, duly obtained a judgment upon the last note mentioned and described in said mortgage, against said Jacob Rudy, and a decree of foreclosure of said mortgage against him and his wife, Susan Rudy, and an order directing the sale of the mortgaged premises; that, under a certified copy of said decree

directed to the sheriff of Hamilton county, Indiana, said mortgaged property was by him in due and legal form and manner sold, pursuant to said order, and said Julius C. Sharp became the purchaser thereof at such sale, having bid therefor the sum of $614.95, that being the amount of his said decree and costs; that said sheriff issued to him a certificate of sale, and after the expiration of one year from the day of sale, to wit, July 1st, 1879, said property not having been redeemed as provided by law, said sheriff executed to said Julius C. Sharp a sheriff's deed for said mortgaged premises; that, thereafter, said Sharp sold and conveyed said property to Jacob Stehman, at and for the price of $650, then and there paid by said Jacob. Therefore it is asked that any decree of foreclosure obtained by the appellant under said mortgage be had and taken subject to the decree so had and taken by said Sharp, and that the appellees have all other proper relief.

The appellant demurred to this answer. The demurrer was overruled, and the appellant, having excepted, refused to plead further, and judgment was rendered against him for costs. From that judgment he has brought this appeal.

The decision of this court upon the former appeal, whether right or wrong, can not be reversed, but must stand as the law of this case. Where a judgment has been reversed by this court, and an appeal is again brought in the same action, there can be brought thereby for review and decision by this court no question that was before it and decided in the former appeal; and only the proceedings subsequent to the mandate made on the reversal can be considered. *Dodge* v. *Gaylord*, 53 Ind. 365, and authorities there cited.

We can only examine as to the sufficiency of the facts alleged in the answer, proceeding upon the assumption that on the facts alleged in the complaint the appellant is entitled to foreclose said mortgage, and to have priority over said Sharp and those holding under him.

So viewing the complaint, we can not see that the facts therein alleged are modified or avoided in their effect by the

facts alleged by the appellees. The fact that the sureties be-came such in pursuance of an agreement that the vendor should give time on all the purchase-money, and that the vendee should furnish personal security for the first instalment, and give the mortgage security for both instalments, was no more than was implied in what was alleged in the complaint to have been done. The relative rights of the appellant and Sharp could not be affected by Sharp's foreclosure proceeding, to which the appellant was not a party, commenced after the bringing of this action; and the appellees stand in the situation of Sharp.

Upon this view of the case, it was error to overrule appellant's demurrer to the answer, and, therefore, the judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellees, and that the cause be remanded, with instructions to sustain appellant's demurrer.