Filed Jan. 26, 1884.

---

No. 9733.

### ANDERSON·ET AL. *v.* KRAMER ET AL., EXECUTORS.

SUPREME COURT.—*Practice.*—*Defective Transcript.*—A paragraph of answer not being found in the record, the sufficiency of a reply thereto can not be determined by the Supreme Court.

SAME.—*Decision on Former Appeal.*—*Law of Case.*—The Supreme Court will not, on a second appeal, review a decision made by it on a former appeal.

SAME.—*Evidence.*—*Instruction.*—Where the transcript omits some of the pleadings, and does not contain all the evidence, so that the Supreme Court can not know that instructions given might not have been proper, no question can be made upon them.

From the Boone Circuit Court.

*J. S. Scobey* and *D. Watts*, for appellants.

*P. H. Dutch* and *G. W. Stafford*, for appellees.

BLACK, C.—This was an action brought by Baltzer Kramer against the appellants William B. Matthews, Franklin Rich and James W. Anderson, upon a promissory note made to said Baltzer Kramer and one Dutch by said Matthews and Rich, and to foreclose a chattel mortgage given by said makers to said payees to secure said note, the note and mortgage having been assigned by said payees and mortgagees to said Baltzer Kramer, and the mortgaged property having been purchased of the mortgagors by said Anderson.

On a former appeal in the cause, a judgment in favor of the defendants was reversed by this court for error in overruling demurrers to the first and third paragraphs of said Anderson's answer. *Kramer* v. *Matthews*, 68 Ind. 172. The

Anderson *et al. v.* Kramer *et al.*, Executors.

allegations of the complaint and of said first and third paragraphs of Anderson's answer are, in substance, shown in the opinion rendered on the former appeal.

The second and fourth paragraphs of answer were pleas of payment, the second pleaded by Anderson, the fourth by Matthews and Rich.

After the cause was remanded to the court below, Anderson amended said first and third paragraphs of his answer, and filed two additional paragraphs of answer designated as additional fourth paragraph and additional fifth paragraph; and the defendants filed a paragraph of answer.designated as sixth paragraph.

Demurrers to the first, third and sixth paragraphs of answer were sustained. There was a reply of general denial and a second and special paragraph of reply to the fifth paragraph of answer. A demurrer to said second paragraph of reply was overruled.

The cause was tried by jury, the verdict being in favor of the plaintiff for $460.82 and for foreclosure. A motion for a new trial made by the appellants was overruled, and judgment was rendered on the verdict.

After the rendition of the judgment, said Baltzer Kramer died and the appellees became his executors.

The appellants have assigned as errors the action of the court in sustaining the demurrers to the first, third and sixth paragraphs of answer, in overruling the demurrer to the second paragraph of reply, and in overruling the motion for a new trial.

The fifth paragraph of answer is not in the record. That the second paragraph of reply, directed to said fifth paragraph of answer, was not a sufficient reply, can not be determined in the absence of the answer. The overruling of a demurrer to a reply will not be considered by this court, when the record does not contain the answer to which the reply was directed. *Betson* v. *State, ex rel.*, 47 Ind. 54.

The first, third and sixth paragraphs of answer are treated

in argument as all presenting the same question, and it is contended that, on the former appeal of this case, this court reached an erroneous conclusion concerning the effect of a former adjudication in an action of replevin to which plaintiff and some of the defendants were parties.

The decisions of this court upon the former appeal remain the law of the case through all its subsequent stages, binding alike on the trial court and on this court.

Applying this rule, there was no error in sustaining the demurrers to these paragraphs of answer.

The record contains a bill of exceptions in which evidence introduced is set out, but it does not appear that this was all the evidence given on the trial.

It is contended that the court erred in the admission of certain evidence over objection, but it is not shown that any ground of objection was stated to the court. The objection is therefore unavailing in this court.

The other grounds for a new trial relate to the giving of certain instructions to the jury. If the instructions were not erroneous to the injury of the appellants upon any state of the evidence proper under the issues tried, the giving of the instructions can not result in the reversal of the judgment. In the absence of the fifth paragraph of the answer from the transcript, we do not know all of the issues that were tried. If there were any doubt as to the applicability of the instructions to the issues, it would be our duty to resolve it, if possible, in favor of the conclusion reached in the court below.

In view of the condition of the record, it would not be possible for us to decide that there was such error in these instructions as should lead us to reverse the judgment.

We can not see that a correct result has not been reached.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

Filed Jan. 26, 1884.