Jones *et al. v.* Castor.

No. 11,170.

## JONES ET AL. *v.* CASTOR.

SUPREME COURT.—*Assignment of Errors.*—An error not well assigned as to all appellants who join in it, is not available on behalf of any of them.

SAME.—A question which has been decided by the Supreme Court on appeal, will not be considered again on a subsequent appeal of the cause.

From the Montgomery Circuit Court.

*P. S. Kennedy, S. C. Kennedy, T. H. Ristine, B. T. Ristine* and *H. H. Ristine,* for appellants.

*G. D. Hurley, B. Crane* and *A. B. Anderson,* for appellee.

BICKNELL, C. C.—Israel Castor died seized of real estate, leaving a widow and several children. By his will he devised to Daniel Rhoads the real estate, " to have and to hold full use thereof in every way during the natural lives of the testator and his wife Amy Castor,, he to pay all taxes and to take care of the testator and wife during their natural lives, and to pay the testator $250 by the 1st of January in each year, commencing January 1st, 1875, during the natural lives of the testator and his wife, and if not paid at the time to draw ten per cent. interest, said Rhoads to live on said farm and in said house with the testator, to comply with said will during the natural lives of the testator and his wife, and if said Rhoads shall leave said farm this to be null and void."

The children brought a suit to set aside the will, and on a compromise, by agreement a decree was made establishing the will, and Rhoads mortgaged the land to Jonas H. Jones, as trustee, to secure $3,600, payable to the children. Jones foreclosed his mortgage, and at the foreclosure sale bought in the property and took the sheriff's certificate of sale.

The widow, Amy Castor, then brought this suit against Rhoads and Jones, stating in her complaint the foregoing facts, claiming that under the will she was entitled to receive from Rhoads $250 annually, and alleging that Jones bought the land with full knowledge of her claim ; that Rhoads was administrator with said will annexed, and had made final

settlement, and had been discharged, and that there were no outstanding claims against the estate; that Rhoads had been in possession of the land ever since the testator's death, and had refused to pay said annuity. The complaint prayed that said annuity be declared a senior lien, and that the land be sold to pay it.

The defendant Rhoads was defaulted. The defendant Jones answered in three paragraphs, each alleging that the plaintiff is estopped. Demurrers to the first and second of these paragraphs were overruled; to the third paragraph a demurrer was sustained.

The plaintiff replied to said first and second paragraphs: 1st. In denial. 2d. Specially. The issues were tried by the court who found for the plaintiff $2,797.50, and that the same is a first lien and charge on said land, and that said Daniel Rhoads is indebted to the plaintiff $2,797.50.

The defendant Jones moved for a new trial, because

1. The damages are excessive.
2. The amount of recovery is too large.
3. The finding is not sustained by sufficient evidence.
4. The finding is contrary to law.

This motion was overruled. The defendant Jones moved for judgment on the pleadings, notwithstanding the finding, and for judgment on the third paragraph of his answer. These motions were overruled.

The defendant Jones also moved in arrest of judgment, and this motion was overruled. Judgment was rendered upon the finding and for the sale of the land to satisfy the plaintiff's lien. The defendant Jones prayed an appeal, but both defendants join in an assignment of errors, which is as follows:

"George A. Jones, Daniel Rhoads, appellants, *v.* Amy Castor, appellee. Assignment of errors. The appellants say there is manifest error in the proceedings and judgment in this cause, and they specifically assign the following:

"1. That the complaint does not state facts sufficient to constitute a cause of action.

"2. The court erred in sustaining a demurrer to the third paragraph of answer.

"3. The court erred in overruling the motion for a new trial.

"4 and 5. The court erred in overruling the motions for judgment on the pleadings, and for judgment on the third paragraph of answer.

"6. The court erred in overruling the motion in arrest of judgment. For which errors the appellants pray that the judgment be in all things reversed."

The appellee claims that as the assignment of errors is joint, and all the specifications of error except the first state rulings against Jones alone, therefore there is no error well assigned except that stated in the first specification. In this the appellee is clearly right, and there is nothing to be considered except the question whether the complaint states facts sufficient to constitute a cause of action. *Williams* v. *Riley,* 88 Ind. 290; *Towell* v. *Hollweg,* 81 Ind. 154; *Eichbredt* v. *Angerman,* 80 Ind. 208; *Feeney* v. *Mazelin,* 87 Ind. 226. A joint assignment of errors is like a joint demurrer, which, if not well taken by all, is not well taken by any. *Estep* v. *Burke,* 19 Ind. 87; *Teter* v. *Hinders,* 19 Ind. 93.

Upon the former appeal in this case (*Castor* v. *Jones,* 86 Ind 289) the complaint was held sufficient, the court said that the widow was entitled to the annuity, and that it was in fact a legacy charged on the land.

After the cause was remanded to the circuit court, the plaintiff filed a supplemental paragraph of complaint, the same as the former paragraph, except that it contained the further averments that the defendant Jones in the mean time had obtained the sheriff's deed for the land, and that three more annual payments of $250 each had become due, the last one on January 1st, 1883.

The rule is that the decision of the Supreme Court on an appeal remains the law of the appealed cause throughout. The complaint here having been once held sufficient can not

be successfully assailed again. *Dodge* v. *Gaylord,* 53 Ind. 365 ; *Board, etc.,* v. *Jameson,* 86 Ind. 154 ; *Gerber* v. *Friday,* 87 Ind. 366 ; *Anderson* v. *Kramer,* 93 Ind. 170. There is no available error in the record, and the judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.

Filed Feb. 20, 1884.

### ON PETITION FOR A REHEARING.

BICKNELL, C. C.—A rehearing is claimed because the brief of the appellee, as originally prepared, contained no statement of the objection, that the assignment of errors is joint, and because, afterwards, such an objection was added to the brief. The petition claims that this objection was "surreptitiously inserted in the brief and pressed upon the court."

It is not unusual to file an additional brief, or to add new matter to an existing brief, and under Rule 16 of this court, as it stood prior to May 14th, 1884, the appellee had the right to file a brief at any time before the cause was taken up for consideration.

But whether an objection be made in the brief of the appellee or not, if the record shows the defect, this court is not required to disregard it because the appellants' counsel was not aware of it.

The rule is that if there are points in the record not suggested by counsel nor perceived by the court, such points will not be considered on a petition for a rehearing, but the court can not refuse to consider points of which it is made aware either by the suggestions of counsel or by its own examination of the record. *Martin* v. *Martin,* 74 Ind. 207.

The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled.

Filed June 21, 1884.