Filed Dec. 16, 1885.

---

No. 12,173.

## FORGERSON ET AL. *v.* SMITH, ADMINISTRATOR.

SUPREME COURT.—*Conclusiveness of Judgment.*—The judgment of the Supreme Court on appeal, as to all questions necessarily involved in the conclusion reached, rules the case throughout all its subsequent stages, and upon such questions it is conclusive upon the parties and those in privity with them.

SAME.—*New Parties.*—The fact that a new party comes into the case, over the objection of the other party, does not change the rule, as he will

be considered to have elected to abide by the result of the case as if he had been in from the beginning.

DECEDENTS' ESTATES.—*Discretion of Trial Court as to Evidence Concerning.*— The discretion with which the trial court is invested as regards testimony concerning matters affecting a decedent's estate, which occurred prior to the death of the decedent, must be determined upon the merits of each case.

SAME.—*Interested Witness.*—It is not an abuse of discretion to exclude a party from testifying as to oral declarations of the decedent, by which the witness expects to acquire property belonging to the decedent.

EVIDENCE.—*Proof of Execution of Written Instrument.*—It is not necessary that the execution of a written instrument should be proved by direct evidence; it is sufficient if its execution is fairly inferable from the facts and circumstances established by the evidence.

From the Tippecanoe Circuit Court.

*J. R. Coffroth, T. A. Stuart, B. W. Langdon* and *T. F. Gaylord,* for appellants.

*W. C. Wilson, J. H. Adams* and *F. B. Everett,* for appellee.

ELLIOTT, J.—This case is here for the second time. When it was here before we held that the third paragraph of the answer of the present appellants was bad, and, in effect, that the present appellee, then the appellant, was entitled to a recovery upon the evidence. *Smith* v. *Ferguson,* 90 Ind. 229 (46 Am. R. 216). The rule declared in that decision is the law of the case, and we are bound by it. Where there are incidental questions in a case which are not considered or decided, the court is not bound to consider the former decision as conclusively adjudicating upon them. *Union School Tp.* v. *First Nat'l Bank,* 102 Ind. 464; *Davis* v. *Krug,* 95 Ind. 1. But where the questions are necessarily involved, and where the conclusion declared could not have been reached without either expressly or impliedly deciding such questions, the judgment on appeal rules the case throughout all its subsequent stages. The decision is an adjudication concluding the courts and the parties. It is not, of course, conclusive as to other cases, but it is conclusive as to the questions in judgment in the case in which it was rendered, upon the

parties and those in privity with them. *Dodge* v. *Gaylord,* 53 Ind. 365; *Richmond Street R. R. Co.* v. *Reed,* 83 Ind. 9; *McClaren* v. *Indianapolis, etc., R. R. Co.,* 83 Ind. 319; *Braden* v. *Graves,* 85 Ind. 92; *Board, etc.,* v. *Jameson,* 86 Ind. 154; *Gerber* v. *Friday,* 87 Ind. 366; *Anderson* v. *Kramer,* 93 Ind. 170; *Jones* v. *Castor,* 96 Ind. 307. The questions affecting the merits of the case were considered and decided in the former appeal, and we can not depart from the rule there declared.

The fact that a new party defendant came into the case, over the objection of the appellee, does not change the rule. The court in *Bitting* v. *Ten Eyck,* 85 Ind. 357, in speaking of parties who came into the case in the same manner in which Mrs. Forgerson came into the present case, said: " They came in of their own choice, against the protest of the plaintiff, and must be considered as having elected to abide by the result of the case as if they had been in from the beginning." There may possibly be cases where a new party would bring new elements into the case, so changing its character as to prevent the operation of the rule of which we have spoken; but, however this may be, the entrance of Mrs. Forgerson produced no such result in this instance. She claims in the same right, and no other, as that asserted by her co-defendant, and that claim was adjudicated upon the former appeal.

We regard the former decision as adjudicating all of the controlling questions in the case, for it was not possible to reach the conclusion there announced without deciding that the property in the promissory notes in controversy was in the administrator of the estate of Mahala Shaw, deceased. This was the ruling principle of the case; all other things were merely incidental and subsidiary. The question for judgment was, to whom did the notes belong? and upon this question there was an adjudication. It can not be successfully asserted that this point was not decided, and if it was, then, no matter what form the question assumed, the decision supplies a rule governing the case until the litigation is at an

end.   Accepting, as we must, the rule declared on the former appeal, and applying it to the answer and the evidence, we can do no otherwise than sustain the rulings of the court below upon the answer and upon the facts established by the evidence.

There are some questions arising on the rulings on the admission and exclusion of evidence not covered by the former decision, and we now proceed to consider and decide those questions.

The court refused to permit the appellants to testify as to matters which occurred prior to the death of Mahala Shaw. We understand counsel for the appellants to assert that in excluding this evidence there was an abuse of the discretion vested by the statute in the court. They refer to sections 498, 501, R. S. 1881, and the amendatory act of March 5th, 1883, and say :

" What is an abuse of the court's discretion under this statute, has not been considered in this court so far as we know. It is a highly important matter in the daily administration of justice.   The exercise of the discretion in this respect in the different trial courts is as variant as the extent of learning or bent of mind of those who, from time to time, preside over them.   So a litigant may be able to recover in one county in this State in an action which would be defeated if brought in another county.   This is not law.   Prior to 1881 the exercise of this discretion was not reviewable, but in that year the Legislature amended the statute, so that abuses in this regard could be overhauled.   The viciousness of a system of laws whose operation rests in the undefined and uncontrolled fiat of one man, should be reduced to a minimum by courts as well as Legislatures.   That is the purpose of the act of 1881 ; it does recognize the evils, and leaves it to the learning and sound discretion of this court to see that they are abated when properly brought up.   Of course no formal definition of what will constitute an abuse can be laid down for all cases, and whether there has been an abuse in any case must largely de-

pend upon its peculiar circumstances. The policy of the statute is plainly to thwart or prevent the advantages which may arise where one person may speak to a fact and the other can not be heard. That is a good *general* rule; but whenever it appears that the advantages are being turned the other way, the reason of the rule ceases, and should not stand in the way. It would seem that where the dangers of perjury are removed, where the character of the party appears of record to be worthy of credence and to be trusted by the court, and where it appears that the living litigant has, by creditable witnesses, made such a claim or defence as to make it appear that injustice and wrong will have the upper hand, and that the estate is obtaining a forced advantage, unless the party be permitted to speak, the rule should become the exception, as the statute intended."

It seems to us that this argument supplies strong reasons for overthrowing the position it was intended to fortify. It appears quite clear to our minds that the trial court must judge when the danger of perjury is removed, and must also determine what witnesses are worthy of credence, and when it is proper to permit a party to testify. No other court can so accurately determine the questions as the court in whose presence the witnesses and parties stand. It may be that it would be wiser to positively admit, or to directly exclude by statute and leave nothing to the discretion of the court, all parties in cases where the testimony refers to the acts or words of a deceased person, but that is a matter for the Legislature, and not for the courts. We incline to adopt the view of counsel, that, under the act of 1883, no general rule can be laid down, but that each case must be determined upon its peculiar characteristics. Granting this to be true, we think this is a case where parties should not be allowed to testify. It is at best a doubtful policy to permit a decedent's property to be disposed of upon mere words; at all events these words should not come from interested witnesses when the lips of the owner have been closed by death. We regard this as a case where

the trial court may wisely affirm that interested parties shall not be permitted to acquire property upon their own testimony as to the disposition verbally made of it by the deceased person. It is difficult in any case to repeat words as they were uttered, even where interest adds no coloring and gives no bias, and it is not an abuse of discretion to exclude parties from testifying as to oral declarations, where they build their hopes of obtaining property upon the spoken words of one whom death has rendered incapable of speaking.

We need not decide whether there was, or was not, error in excluding the testimony of William Conklin as to statements made by Forgerson, for, conceding the competency of the evidence, it is quite clear that its exclusion did the appellants no substantial injury.

We think there was evidence tending to prove the execution of the receipt admitted in evidence. It is not necessary that the execution of a written instrument should be proved by direct testimony; it is enough if the execution is fairly inferable from the facts and circumstances established by the evidence.

Judgment affirmed.

Filed Dec. 16, 1885.