Filed June 19, 1890.

---

No. 13,943.

## COPPAGE, RECEIVER, *v.* HUTTON.

CORPORATION.—*Subscription to Stock.*—*Articles of Association.*—*Acknowledgment.*—*Statutory Requirement.*—*Failure to Comply with.*—*Non-Liability of Subscriber.*—The statute (section 3851, R. S. 1881) requires that the persons who desire to organize a corporation shall "make, sign, and acknowledge, before some officer capable to take acknowledgment of deeds, a certificate, in writing," etc. The mere signing of the articles of association is not sufficient to complete the obligation, but in order to make valid and effective articles of association against all who sign, all must acknowledge them as the statute requires. One who simply signs the articles of association without acknowledging them, as the law requires, does not become a stockholder, and is not bound by his subscription.

From the Montgomery Circuit Court.

*P. S. Kennedy, S. C. Kennedy, B. T. Ristine, W. H. Ristine* and *J. E. Williamson,* for appellant.

*J. Wright* and *J. M. Seller,* for appellee.

ELLIOTT, J.—The appellant sues as the receiver of an insolvent corporation, and seeks to recover a subscription which he alleges the appellee made to the capital stock of the corporation. It is alleged that the appellee, with others, signed

articles of association, and that he agreed to take two shares of the capital stock, and pay therefor one hundred dollars. The introductory clause of the articles of association reads thus : " We, the undersigned, agree to take the stock in the amount set opposite our names in a company to be organized for manufacturing and selling the Williamson Straw Stacker." There were eighty-three signers, and seven of them acknowledged the execution of the articles of association before a notary public, and the instrument was duly recorded. It is also alleged that eight thousand dollars of stock was subscribed, that the company was duly organized, and a board of directors elected.

There can be no doubt under the authorities that a valid subscription to the capital stock of a corporation may be made by signing the preliminary articles. Such a subscription becomes enforceable upon the perfection of the corporate organization according to law under articles of association. *Miller* v. *Wild Cat G. R. Co.*, 52 Ind. 51 ; *Nulton* v. *Clayton*, 54 Iowa, 425 ; *Phœnix, etc., Co.* v. *Badger*, 67 N. Y. 294 ; *Cravens* v. *Eagle, etc., Mills Co.*, 120 Ind. 6. If the promise of the appellee is not binding it must be for some other reason than that it was made before the organization of the corporation was fully effected.

The statute requires that the persons who desire to organize a corporation shall " make, sign, and acknowledge, before some officer capable to take acknowledgment of deeds, a certificate in writing," setting forth therein certain enumerated things. Section 3851, R. S. 1881. The contention of the appellee is that the promise is not effective, because the complaint shows that only seven of the eighty-three signers acknowledged the certificate. It seems quite clear, under the decision of this court in *Indianapolis, etc., Mining Co.* v. *Herkimer*, 46 Ind. 142, that the mere signing of the paper was not sufficient to complete the obligation, and that, in order to make valid and effective articles of association against all who sign, all must acknowledge them as the statute re-

quires.    Here it affirmatively appears that seven only of the
signers acknowledged the execution of the instrument, and
it can not be inferred that those who did not acknowledge it
remained bound by its terms.    As to them the instrument
was incomplete, and it is quite well settled that an incom-
plete subscription can not be enforced.    *Dutchers, etc., R.
R. Co.* v. *Mabbett*, 58 N. Y. 397 ; *Reed* v. *Richmond, etc.,
R. R. Co.*, 50 Ind. 342 ; *Richmond St. R. R. Co.* v. *Reed*, 83
Ind. 9 ; *Williamson* v. *Kokomo, etc., Ass'n*, 89 Ind. 389.

It is, however, argued by appellant's counsel that the com-
plaint does affirmatively show that the corporation was or-
ganized, but this does not meet the question, for it may well
be that it was organized without the appellee as a stock-
holder.    The fact that he did not acknowledge the instru-
ment as the law requires implies that he did not become a
stockholder, and there is nothing in the complaint which re-
buts or opposes this implication.    It devolved upon the plain-
tiff to remove the inference if he could.    As the appellee
did not acknowledge the instrument as the law requires, he
did not become a stockholder, and if he were insisting that
he was entitled to the number of shares set opposite his
name, it is quite clear that the corporation might successfully
resist his claim, since it is obvious that only those who ac-
knowledge the articles of association as the law requires can
successfully insist upon their right to stock.    If the appel-
lee can not be regarded as a stockholder, then it seems quite
clear that he did not bind himself by simply signing the ar-
ticles of association.

Whether a good complaint can be framed is not the ques-
tion before us, for the only question presented by the record
is as to the sufficiency of the complaint as it is written.

Judgment affirmed.

Filed April 12, 1890; petition for a rehearing overruled June 20, 1890.