Filed May 14, 1896.

---

No. 1,658.

SHICK *v.* THE CITIZENS' ENTERPRISE COMPANY.

CORPORATION.—*Subscription to Capital Stock.*—In subscribing to the capital stock of an existing corporation, it is not necessary for the subscriber to sign and acknowledge the articles of association.

SAME.—*Complaint.—Subscription to Capital Stock.—Matter of Defense.*—In an action on a subscription to the capital stock of an existing corporation, conditioned to be valid or binding on the subscriber only in case a certain aggregate amount of stock was subscribed, where the complaint alleges performance of this condition, it need not aver that the subscriptions were made in good faith by solvent parties not under any disabilities ; the fact that any of the subscriptions were not so made being a matter of defense, to be specially pleaded.

SAME.—*Answer.— Subscription to Capital Stock. — Defense.—* An allegation that the amount of stock required was never subscribed by solvent persons in good faith is not sufficient as a defense to a complaint alleging that it was subscribed, but is a mere conclusion

where the answer does not allege that a single subscription was made by an insolvent person, or by one who did not subscribe in good faith.

SAME.—*Allegation of Corporate Existence.*—In an action on a subscription to the capital stock of an existing corporation, it is not necessary to allege facts showing a legal incorporation.

SAME.—*Conditional Subscriptions.*—A corporation may take subscriptions to its capital stock conditioned that same shall be valid and binding on the subscriber only in the event a certain aggregate amount is subscribed.

SAME.—*Pleading.*—*Corporate Existence.*—In an action by a corporation organized under the manufacturers and miner's act, to recover a subscription to its capital stock, made in advance of its incorporation, the complaint must show that all the steps necessary to create a legal corporation under such act have been taken.

SAME.— *False Representations of Organizers Of.* — In an action by a corporation, on a subscription to its capital stock, the fact that the promoters of such corporation, prior to its incorporation, made false representations as to the purpose of the organization, constitutes no defense.

SAME.—*Subscription to Capital Stock in Excess of Chartered Capital.*—The mere fact that the promoters of a corporation secured subscribers to the capital stock thereof in excess of the amount prescribed in its charter, does not constitute a defense to an action by such corporation to recover on a preliminary subscription to such capital stock in the absence of any averment that such excess entered into the capital stock after the incorporation, or that the subscription sued on was a part of such excess.

SAME.—*Articles of Association.*—*Mention of Purposes of Corporation Not Within Purview of Statute.*—The mere fact that the articles of association mention some purposes not within the purview of the statute under which the corporation is organized, does not vitiate the organization.

PLEADING.—*Demurrer to Answer.*—It is not material error to sustain a demurrer to paragraph of answer if all defenses admissible under it can be made under remaining pleadings which are sustained.

APPELLATE PROCEDURE.—*Assignment of Errors.*—*Sufficiency Of.*—An assignment of error which is not discussed by counsel will be considered as waived.

PRACTICE.—*Plea in Abatement.*—It is not error to sustain a demurrer to a plea in abatement, when the question sought to be raised by the plea was presented by an answer in bar.

From the Delaware Circuit Court.

*J. F. Duckwall, J. N. Templer* and *E. R. Templer*, for appellant.

*J. W. Ryan* and *W. A. Thompson*, for appellee.

DAVIS, J.—The errors assigned in this court are:

"First. The court erred in overruling appellant's demurrer to appellee's complaint.

"Second. The court erred in sustaining appellee's demurrer to appellant's plea in abatement.

"Third. The court erred in sustaining appellee's demurrers to the second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and twelfth paragraphs, separately and severally, of appellant's answer to the merits herein to the appellee's complaint, and to each of them separately.

"Fourth. The court erred in overruling appellant's motion for a new trial."

The fourth error has not been discussed, and, therefore, will be considered as having been waived.

There was no demurrer to the complaint, but there was a separate demurrer to each paragraph of the complaint. No error, however, has been assigned on the ruling on the demurrer to either paragraph of the complaint.

Counsel for appellant insist that the circuit court erred in overruling "the separate demurrer to the first paragraph of the complaint," and also in overruling the "separate demurrer to the second paragraph of the complaint."

These rulings, as we have before observed, which were made in the lower court by Hon. Leander J. Monks, now one of the judges of the Supreme Court, have not been assigned as error in this court. It is doubtful whether any question is presented by the first error assigned. Giving this assignment the most liberal construction, it must fail, if either paragraph

of the complaint is sufficient. *Noe* v. *Roll*, 134 Ind. 115; *Houk* v. *Hicks*, 11 Ind. App. 190.

The action is based on the following instrument, executed by appellant:

"The undersigned, each for himself, subscribes and agrees to take and pay for the number of the shares of the capital stock of and in the Citizens' Enterprise Company, of Muncie, Indiana, in the number and amount set opposite to his or her name, respectively, and each agrees, and promises, to pay for the same, waiving valuation and appraisement laws, in installments, and not more than twenty-five per centum of the amount of his or her subscription, in intervals of not less than sixty days, as shall be ordered by the board of directors of said corporation. None of such subscription shall, in any event, be valid or binding upon the subscribers, unless the full amount of two hundred thousand dollars shall have been subscribed of said capital stock. Signed, L. S. Shick, forty shares, one thousand dollars."

The theory of the first paragraph of the complaint is that the subscription was made to appellee, then an existing corporation.

The only condition in the subscription is that the subscription shall not "be valid or binding upon the subscriber, unless the full amount of two hundred thousand dollars shall have been subscribed."

That an organized corporation may take such conditional subscriptions to its capital stock, is well settled. Sections 1317 and 1322, Thompson Corp.

It is properly averred, in the first paragraph, that before demand was made for payment from appellant, of his subscription, the condition had been performed, in that two hundred thousand dollars had been subscribed. It is also alleged that the board of directors of the corporation, by resolutions, at intervals, duly

ordered appellant to pay in in installments forty per-centum of his subscription, in pursuance of the terms of his subscription, and that he failed to pay any part thereof.

Counsel for appellant insist that this paragraph is defective, for failure to allege that the subscriptions to the amount of two hundred thousand dollars were made in good faith by solvent parties, not infants or married women. Our opinion is that if any part of the subscriptions was made by insolvent parties, in-fants, or married women, or was not made in good faith, such fact is matter of defense. "Courts have ad-mitted defenses of this kind sparingly and with great caution." Thompson Corp., section 1238. Such de-fenses, when available, should be specially pleaded, stating particularly wherein and by whom the sub-scriptions were not made in good faith, or were made by insolvent parties, infants or married women.

*Coffin* v. *Ransdell, Rec.*, 110 Ind. 417, and *Holman* v. *State, ex rel.*, 105 Ind. 569, are neither in point on the question here involved.

In an action by a corporation, to recover upon a subscription to its stock, it is not necessary to aver every step taken leading up to and constituting its corporate organization. The facts necessary to show a legal organization need not be alleged. *State, ex rel.*, v. *Stout, Aud.*, 61 Ind. 143. "It is not necessary to set out the manner of the organization of the plaintiff, or its specific objects." Thompson Corp, section 1825.

The averment that the subscription was made to the appellee is sufficient, without a more specific aver-ment that the appellee company is a corporation, and the same to which the subscription was made. *Shearer* v. *R. S. Peale & Co.*, 9 Ind. App. 282; *Lake Erie, etc.*, *R. W. Co.* v. *Griffin*, 8 Ind. App. 47.

The point, that there can be no recovery in this ac-

tion, because the complaint fails to show that appellant signed the articles of incorporation, is not well taken, as to the first paragraph of the complaint. It is not alleged that appellant signed the articles of association. The theory of the first paragraph is that appellee was an existing corporation when appellant became a subscriber to its capital stock. The decision in Coppage, Rec., v. Hutton, 124 Ind. 401, is, therefore, not in point. In subscribing to the capital stock of an existing corporation, it is not necessary for the subscriber to sign and acknowledge the articles of association. See Cravens v. Eagle Cotton Mills Co., 120 Ind. 6; Butler University v. Scoonover, 114 Ind. 381; section 1152, Thompson Corp.

So far as objection has been made to the first paragraph of the complaint, it is sufficient. We are not required to determine the sufficiency of the second paragraph of the complaint.

It is next urged that the court erred in sustaining appellee's demurrer to appellant's plea in abatement. This plea is addressed to the entire complaint, and is a mere denial of the corporate existence of appellee, without pleading any facts, which, if true would support such contention. Assuming that the denial of the corporate existence of appellee is a good plea of abatement, without pleading any facts to support such contention, the demurrer thereto was correctly sustained, unless the plea was applicable and sufficient as to both paragraphs. Waiving the question of the sufficiency of the plea in abatement, as to the first paragraph of the complaint, we will consider its sufficiency as applicable to the second paragraph. The theory of the second paragraph of the complaint is that the subscription was a preliminary one, made in advance of the incorporation; and the facts therein alleged show that all the steps necessary to

create a corporation under the provisions of the Manufacturers' and Mining Act, were afterwards taken. Sections 5051 and 5052, R. S. 1894.

In order to recover on the second paragraph of the complaint, it was incumbent on appellee to prove all the essential facts therein alleged, necessary to create the corporation.

The mere fact that the articles of association mention some purposes not within the purview of the statute, does not vitiate the organization. Section 229, Thompson Corp.; *Cravens* v. *Eagle Cotton Mills Co.*, *supra*. Some of the purposes of the organization, alleged in the second paragraph of the complaint as being in the articles of association, are within the provisions of section 5051, *supra*, of the Manufacturers' and Mining Act. The point, that the objects of the corporation are so indefinitely stated that the supposed corporation can have no legal existence, is not well taken.

It sufficiently appears, from the allegations in the complaint, that the articles of association provided for nine directors, who are therein named as such directors for the first year.

We have not referred to all the facts alleged in the second paragraph of the complaint, but, suffice it to say, before appellee could recover on this paragraph, the burden was upon appellee to prove its corporate existence, as therein alleged. In other words, in an action on a preliminary subscription, the complaint must show that all the steps necessary to create a legal corporation have been taken. The issue as to whether appellee was a corporation, was tendered by the second paragraph of the complaint. Assuming the law to be that, ordinarily, the corporate existence of a plaintiff in an action can only be questioned by plea in abatement, the general rule has no applica-

tion where the burden is on the plaintiff to prove that all the steps necessary to create a legal corporation have been taken. The plea in abatement only denies the corporate existence of appellee. It tenders no defense, raises no other question. As we have before observed, the plea in abatement was not addressed solely to the second paragraph of the complaint. Neither is, nor could there be, any error assigned in this court on the refusal of the trial court to sustain the demurrer to the plea in abatement back to the second paragraph of the complaint. *Indiana, etc., R. W. Co.* v. *Foster,* 107 Ind. 430; *Stockwell* v. *State, ex rel.,* 101 Ind. 1–16; *Hunter* v. *Fitzmaurice,* 102 Ind. 449; *Peters* v. *Banta,* 120 Ind. 416, 428.

As it is conceded that appellee could only recover on the second paragraph of the complaint by proving, among other material allegations, its corporate existence, and, moreover, as the record in the case shows that the question sought to be raised by plea in abatement was presented by an answer in bar, we fail to see wherein appellant has been harmed by sustaining the demurrer to his plea in abatement.

This brings us to the third error assigned.

The first and eleventh paragraphs of the answer are as follows:

"1. Comes now the defendant, and, for answer to the first and second paragraphs of plaintiff's complaint herein, says that the supposed subscription sued on in the said paragraphs of the complaint, was executed by the defendant before the attempted incorporation of said Citizens' Enterprise Company, and before any incorporation of said company; that said company is not now, and was not at the time said cause was commenced, and never has been, a duly and lawfully authorized incorporation, under the laws of the State of Indiana, or elsewhere.

"11.   And for a further and 11th paragraph of answer to the first and second paragraphs of plaintiff's complaint, and each paragraph separately, the defendant avers that the pretended subscription by him made, as alleged in said complaint and both paragraphs thereof, was made, and ever since has remained, and now is, without any consideration whatever." The sufficiency of neither of these paragraphs is questioned in this court.

Judge Marsh, who succeeded Judge Monks, overruled appellee's demurrer to the foregoing paragraphs of appellant's answer, and sustained the demurrer to the other paragraphs of answer.

All the defenses admissible under the paragraphs to which demurrers were sustained, were admissible under the first and eleventh paragraphs of answers to which demurrers were overruled.

The substance of the second, third, and fourth paragraphs of appellant's answer to both paragraphs of the complaint, is that $200,000 never was subscribed to appellee's capital stock by solvent persons, in good faith, but the fact that $200,000 was subscribed to the capital stock, as alleged in the first paragraph of the complaint, is not controverted nor denied, and it is not alleged that a single subscription was made by an insolvent person, nor that any subscriber to the capital stock did not subscribe to the same in good faith. Conclusions only are stated. Facts are not pleaded. If any of the subscribers of the $200,000 subscription were insolvent, or if any subscriptions were not made in good faith, if sufficient to constitute a defense, should have been specially pleaded.

The fifth, eighth, and tenth paragraphs of the answer to both paragraphs of the complaint, allege, in substance, that appellant's subscription was taken

preliminary to the organization of appellee, by the promoters and agents of appellee falsely and fraudulently misrepresenting the purpose of the corporation to be formed. The alleged false representation did not relate to any existing fact. They were in reference to the objects and purposes of the proposed organization. If the representation was such as a preliminary subscriber had any right to rely on, the facts alleged in relation thereto did not, in any event, constitute a defense to the first paragraph of the complaint. According to the averments in this answer, no corporation was in existence when appellant signed the instrument sued on. Appellee could not, prior to its incorporation, make false and fraudulent representation through agents, or otherwise, as to the purpose of the organization. *Fox* v. *Allensville, etc., Turnp. Co.*, 46 Ind. 31; sections 1137, 1393, 1431, 1432, 1438, Thompson Corp.

Counsel for appellant concede that no reversible error was committed by the court in sustaining the demurrer to the sixth paragraph of the answer, and, therefore, we are not required to consider its sufficiency.

The seventh, ninth, and twelfth paragraphs of answer are insufficient, because the mere fact that the promoters of appellee, before the incorporation, secured subscriptions to the capital stock beyond the prescribed amount, does not constitute a defense in behalf of appellant in an action to collect its subscription. Beach Private Corp., section 521.

There is no averment, in either of these paragraphs, that the alleged excess of subscriptions to the capital stock, or any of it, entered into the capital stock of appellee, when organized, or that appellant's subscription was any part of such alleged excess. In the next place, it is not alleged, in any of these paragraphs,

that appellant's subscription was not included in and necessary to the organization of appellee with a capital stock of $200,000. It may be conceded that a subscription to an organized corporation, in excess of chartered capital, cannot be enforced. Where the stock in a corporation has all been taken, no more can be issued, but the fact that the promoters of a corporation secured subscriptions to the capital stock, beyond the prescribed amount, is not conclusive that all the subscriptions were afterwards accepted by the corporation. Some may have withdrawn their subscriptions. Others may have been cancelled. For the distinction between subscriptions made prior to incorporation, and subscriptions made after incorporation, see sections 63 and 64, Beach Private Corp.; sections 1170, 1171, Thompson Corp. The different paragraphs of answer are pleaded in bar of the cause of action alleged in both paragraphs of the complaint.

We find no reversible error in the record.

Judgment affirmed.

LOTZ, J., did not participate.

